RECEIVED

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JAN 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

AETNA GOVERNMENT SERVICES CORPORATION, )
                         Plaintiff(s), )
vs. )
 )
CAPITOL RESOURCE FUNDING, INC., )
                         Defendant(s). )

CASE NO. 3AN- 04-7208 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: J.W. Rader, Plan Trustee of the Capitol Resource Funding Liquidation Trust c/o Stephen M. Seeger, Quagliano & Seeger PC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, __Michael Geraghty__, whose address is: __Delisio Moran Geraghty & Zobel, P.C.__
943 W. 6th Ave., Anchorage, AK 99501
If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge __STOWERS__
 and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

Date: 11-15-05

By: _____ Deputy Clerk

I certify that on __11-15-05__ a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS

Rules 4, 5, 12, 42(c), 55

EXHIBIT A Page 1 of 9

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

COPY
Original Received
MAY 17 2004
Clerk of the Trial Court

AHTNA GOVERNMENT SERVICES   )
CORPORTION,                 )
          Plaintiff,        )
                            )
v.                          )   Case No. 3AN-04-_____ CI
                            )
CAPITOL RESOURCE FUNDING, INC.)
                            )
          Defendant.        )
_____)

**COMPLAINT FOR DECLARATORY RELIEF**

AHTNA GOVERNMENT SERVICES CORPORATION ("AGSC"), by and through its undersigned counsel, hereby states and alleges as follows:

1.  Plaintiff AHTNA Government Services Corporation ("AGSC") is an Alaska corporation with its main office in Anchorage, Alaska; it is in all respects entitled and qualified to bring this action.

2.  AGSC is in the business of government contracting and it provides, among other things, services to agencies of the federal government.

3.  Defendant Capitol Resource Funding, Inc., ("Capitol"), is a Virginia corporation with its main offices in Alexandria,

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
                  Page 1 of 8

EXHIBIT A  Page 2 of 9

Virginia and regional offices located in Los Angeles, California, Washington, D.C., and Chicago, Illinois.

4. On information and belief, Capitol acts as an account factor; it buys receivable accounts at a discount with an assignment of rights and attempts to collect the full amount from the original account debtor through the assignments. This case involves Capitol's purchase of accounts receivables from a subcontractor of AGSC.

5. In 2001, AGSC entered into a federal government contract, number 600-01-60124, with the Social Security Administration to provide specific services to that agency (the "SSA Contract").

6. On September 26, 2001, AGSC entered into a Subcontract Agreement with Management Assistance Concepts Corporation, ("MACC"), a California corporation. Under the Subcontract Agreement, AGSC retained a controlling 53% interest in the SSA contract and MACC retained a 47% interest.

7. The Subcontract Agreement contains a choice of law provision designating the law of Alaska as the governing law between the parties. AS 45.29.401-406 is the Alaska law governing account assignments and it applies to this case.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC   Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 2 of 8

8. MACC expressly promised in the Subcontract Agreement that it would not assign its rights and duties under the Subcontract Agreement without the prior written consent of AGSC.

9. Unbeknownst to AGSC, MACC had a pre-existing debtor/creditor relationship with Capitol and a security agreement that applied to, among other things, MACC's share of the proceeds under the Subcontract Agreement.

10. On information and belief, MACC's security agreement with Capitol covered both past obligations between them and future loans.

11. AGSC was unaware of Capitol's interest until October 5, 2001, when MACC sent a letter directing AGSC to send payments on SSA Contract invoices pursuant to the Subcontract Agreement to MACC c/o Capitol Resource Funding, Inc., P.O. Box 79145, Baltimore, MD 21279-0145.

12. On October 31, 2001, MACC sent AGSC an invoice and directed AGSC to remit payment of the invoice balance of $37,786.81 directly to MACC.

13. Beginning on or about November 5, 2001, and continuing thereafter, AGSC received the following payment instructions, which were not always consistent: (a) pre-invoice certifications from MACC asking AGSC to certify hours worked and directing AGSC

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 3 of 8

A 4 9

to send payment to MACC c/o Capitol at an address in Baltimore, MD, (b) invoices asking AGSC to wire payments to MACC account # 202669289 at Suntrust Bank in Richmond, Virginia, (c) verbal requests that AGSC wire payment directly to MACC bank account # 00813-31161, and (d) verbal requests that AGSC mail checks to MACC at its address in California.

14. Beginning on or about November 5, 2001, and continuing to December 5, 2003, AGSC made SSA Contract payments under the Subcontract Agreement to MACC at the various addresses and accounts identified above and as directed by MACC. AGSC made approximately 23 payments directly to MACC and approximately 14 payments directly to Capitol before MACC defaulted on its obligations to AGSC under the Subcontract Agreement.

15. Capitol was aware of all the payments going directly to MACC, and has credited such payments to its account with MACC. At no time did Capitol object to AGSC making payments directly to MACC under the Subcontract Agreement or attempt to change the payment protocol.

16. Beginning on or about April 1, 2002, MACC began submitting weekly pre-invoice certifications to AGSC. On information and belief, MACC would then submit these weekly certifications to Capitol in exchange for payment draws.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 4 of 8

A 5 9

During this same period of time, AGSC, and MACC as its subcontractor, were receiving compensation from the federal government under SSA Contract on the basis of monthly invoices.

17. Eventually, MACC's weekly pre-invoice certifications exceeded the actual invoice amounts paid to AGSC under the SSA Contract. AGSC only paid MACC based on the invoices approved, and paid, by the federal government. Upon information and belief, by December of 2003, the payment draws MACC took from Capitol based on the weekly pre-invoice certifications exceeded MACC's percentage of the monthly invoices actually paid by the federal government by approximately $950,000.

18. On September 15, 2003, MACC sent AGSC a letter confirming that all invoices had been paid to date and that there were no outstanding past due invoices. MACC also confirmed that it was coordinating and forwarding to Capitol those payments it received directly from AGSC. On information and belief, it now appears that approximately $530,000 of those payments to MACC were not properly forwarded to Capitol.

19. On December 10, 2003, MACC informed AGSC that it could no longer perform under the Subcontract Agreement.

20. On January 6, 2004, AGSC notified MACC it was terminating the Subcontract Agreement.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 5 of 8

A 6 9

21. On January 6, 2004, Capitol notified AGSC that MACC had defaulted on its agreements with Capitol and directed AGSC to send all payments on any account or invoice only to Capitol.

22. On March 17, 2004, Capitol made demand on AGSC for approximately $1.6 million and alleged that this amount represented unpaid invoices it was entitled to as assignee of MACC's rights under the Subcontract Agreement, based on the overstated certifications provided to it by MACC. AGSC has responded that it has paid MACC, and Capitol, all they are entitled to under the Subcontract Agreement and the invoices paid by the federal government under the SSA Contract.

23. On March 26, 2004, MACC filed for Chapter 7 bankruptcy protection in the Northern District of California. AGSC intends to move for leave to lift the bankruptcy stay once this matter is joined in order that MACC may be made a party.

### COUNT I DECLARATORY RELIEF

24. AGSC reasserts and realleges the foregoing paragraphs as if set forth fully herein.

25. This court has jurisdiction over the parties because AGSC is an Alaska corporation and Capitol knowingly entered into a contract with an Alaska corporation by virtue of accepting an

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____CI
Page 6 of 8

A 7 9

assignment of MACC's rights and interests in the Subcontract, thereby standing in MACC's shoes.

26. This court has jurisdiction to provide declaratory relief under AS 22.10.020(g).

27. There is a genuine and direct dispute between AGSC and Capitol regarding Capitol's legal rights as assignee of MACC. There is a genuine and direct dispute regarding AGSC's legal rights as the account debtor to assert contractual defenses and set-offs against Capitol.

28. Declaratory relief is appropriate to resolve the legal issues in dispute and to terminate the controversy between AGSC and Capitol.

### COUNT II ACCOUNTING

29. AGSC reasserts and realleges the foregoing paragraphs as if set forth fully herein.

30. On information and belief, Capitol has applied funds received directly and indirectly from AGSC to several accounts it has with MACC.

31. AGSC has made payments to MACC which are not reflected in Capitol's demand for payment from AGSC.

32. In these circumstances, the court should order Capitol and, upon relief from the bankruptcy stay, MACC, to provide an

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 7 of 8

accounting of all funds received and applied, from AGSC and MACC while the Subcontract Agreement was in effect.

**PRAYER FOR RELIEF**

WHEREFORE, AGSC respectfully requests this court to enter the following relief:

1. For a judgment declaring that it is entitled to assert against Capitol any defenses and set-offs it may have against MACC under the Subcontract Agreement;

2. For an order requiring Capitol to provide a full accounting of all funds received from MACC or AGSC related to the Subcontract Agreement

3. For such additional relief as this court deems appropriate.

DATED this 17th day of May, 2004, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for Plaintiffs

By: _____
Michael C. Geraghty
Bar No. 7811097

By: _____
Bruce A. Moore
Bar No. 8611124

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

00085237.DOC  Complaint for Declaratory Relief
Case No. 3AN-04 _____ CI
Page 8 of 8

A 9 9