RECEIVED

JAN 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

AHTNA GOVERNMENT SERVICES CORPORATION,

    PLAINTIFF(s),

v.

CAPITAL RESOURCE FUNDING, INC.,

    DEFENDANT(s).

Case No. 3AN-04-7208 CI

### ENTRY OF APPEARANCE

COMES NOW the law firm of Barokas Martin & Tomlinson, and herein enters its appearance as co-counsel for Defendant, Capital Resource Funding, Inc., in the above captioned action, and requests that copies of all pleadings, files and correspondence be sent to: 1029 West Third, Suite 280, Anchorage, Alaska 99501.

Dated this ___7___ day of December, 2005.

*Herbert A. Viergutz*

Herbert A. Viergutz, Alaska Bar No. 9506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true
copy of the above was mailed on
the 7 day of December, 2005, to:

Michael C. Geraghty, Esq.
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, AK 99501-2033

*Herbert A. Viergutz*

Herbert A. Viergutz

**Barokas Martin & Tomlinson**
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-8334

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

AHTNA GOVERNMENT SERVICES CORPORATION,

        PLAINTIFF(s),

v.

CAPITAL RESOURCE FUNDING, INC.,

        DEFENDANT(s).

Case No. 3AN-04-7208 CI

### SUGGESTION OF BANKRUPTCY AS TO CAPITOL RESOURCE FUNDING, INC.

COMES NOW J.W. Rayder, as Plan Trustee of the Post Confirmation Estate Trust of Capitol Resource Funding, Inc. ("Plan Trustee") on behalf of Defendant Capitol Resource Funding, Inc. ("CRF"), and by co-counsel Barokas, Martin & Tomlinson, and Quagliano & Seeger, P.C., who appear specially, and respectfully submits this Suggestion of Bankruptcy as to CRF.

On August 26, 2004, certain creditors of CRF filed an involuntary bankruptcy petition against CRF under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court"), which petition was docketed as Case No. 04-13620-RGM. The Bankruptcy Court entered an order for relief as to CRF under chapter 7 of the Bankruptcy Code on September 22, 2004, and on September 23, 2004, the Bankruptcy Court entered an order approving CRF's conversion of its bankruptcy case from a liquidation under chapter 7 to a reorganization under chapter 11 of the Bankruptcy Code.

On April 5, 2005, CRF and the Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. filed a Joint Plan of Liquidation as to CRF (the "Plan") with the

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

· 1 ·



1  Bankruptcy Court.  The Bankruptcy Court entered an order confirming the Plan on June

2  22, 2005.  The Plan became effective on June 23, 2005, at which time CRF was deemed

3  dissolved as a corporation and all assets of CRF were transferred to the Post Confirmation

4  Estate Trust of Capitol Resource Funding, Inc. (the "CRF Liquidation Trust").

5        The Plan, at Section 5.4, provides that "[a]ll Causes of Action shall vest in the CRF

6  Liquidation Trust on the Effective Date, and the Plan Trustee shall have full power and

7  authority, subject to approval by the Committee, to pursue such Causes of Action for the

8  benefit of [CRF's] creditors."  In accordance with such authority, on October 18, 2005, the

9  Plan Trustee filed an action against AHTNA Government Services Corporation ("AGSC")

10 for breach of contract to collect $1,611,484 plus costs and reasonable attorneys' fees, in

11 the United States District Court for the Eastern District of Virginia, Case No.: 05cv1251 (the

12 "Contract Action").  The Plan Trustee promptly served the Contract Action on AGSC.

13        After demand by CRF, and in anticipation of CRF legal action, AGSC filed this

14 declaratory judgment action on May 17, 2004, but did not then attempt to serve notice of

15 this case upon CRF.   The declaratory judgment action seeks this Court's ruling as to the

16 same contract and contract rights at issue in the Contract Action.  CRF has asserted such

17 claims against AGSC throughout its bankruptcy case.  AGSC finally attempted to serve this

18 Complaint in mid-November, 2005 – weeks after being served with the Contract Action,

19 more than a year after the CRF bankruptcy was filed.

20        The Plan Trustee, on behalf of itself and CRF, files this Suggestion of Bankruptcy

21 with full and complete reservation of all substantive and procedural rights.  Specifically, the

22 Plan Trustee notifies this Honorable Court and AGSC that if the subject matter of this case

23 is not resolved in the CRF bankruptcy case (which includes the Contract Action), the Plan

24 Trustee, on behalf of itself and CRF reserves its right to:

25

26                                         **Barokas Martin & Tomlinson**
                                          1029 West Third, Suite 280
27                                         Anchorage, Alaska 99501
                                          Phone: (907) 276-5010
28              2                          Fax: (907) 276-5324

1   • File for Removal of this matter to Federal District Court;

2   • File for Removal of this matter to Federal Bankruptcy Court;

3   • Contest sufficiency of service of process;

4   • Contest subject matter jurisdiction;

5   • Contest personal jurisdiction, and;

6   • Assert a failure to state a claim upon which relief can be granted.

7   Pursuant to 11 U.S.C. § 362(c)(2), the automatic stay provisions of 11 U.S.C. § 362

8   (a) continue to apply to this case until the CRF bankruptcy case is closed or dismissed,

9   neither of which events has occurred.

10   The Plan, at Section 7.2, provides that "all injunctions or stays ordered in the

11   Chapter 11 Case, pursuant to 11 U.S.C. § 105(a) or otherwise, and extant on the

12   Confirmation Date, shall remain in full force and effect unless and until subsequently

13   modified or terminated." The automatic stay provisions of 11 U.S.C. §.362(a) applicable

14   to this action were extant on the Confirmation day and have not been subsequently

15   modified or terminated.

16   WHEREFORE, the Plan Trustee respectfully suggests to the Court that this case

17   and all proceedings therein are subject to the automatic stay provisions of 11 U.S.C. §

18   362(a), that proceedings in this case, including AGSC's recent attempt to accomplish

19   service of process upon CRF are of no legal force or effect, and that further actions by

20   AGSC to purse this case would constitute a willful violation of the automatic stay provisions

21   of the Bankruptcy Code, giving rise to a claim for actual and punitive damages against

22   AGSC pursuant to 11 U.S.C. § 362(h).

23

24

25

26   Barokas Martin & Tomlinson
27   1029 West Third, Suite 280
     Anchorage, Alaska 99501
     Phone: (907) 276-8010
28   Fax: (907) 276-5334

3

1

Dated this ___7___ day of December, 2005.

2

3

_____
Herbert A. Viergutz, Alaska Bar No. 8508088

4

**CERTIFICATE OF SERVICE**
5  I HEREBY CERTIFY that a true
copy of the above was mailed on
6  the __7__ day of December, 2005, to:

7  Michael C. Geraghty, Esq.
DeLisio Moran Geraghty & Zobel, P.C.
8  943 West 6th Avenue
Anchorage, AK 99501-2033

9

10  Herbert A. Viergutz

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

B  4  4