12-22-0

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA RECEIVED

THIRD JUDICIAL DISTRICT

JAN 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

AHTNA GOVERNMENT )
SERVICES CORPORATION, )
)
            Plaintiff, )
)
v. )
)
CAPITOL RESOURCE FUNDING, INC.)
)
            Defendant. )   Case No. 3AN-04- 07208 CI
_____ )

## MOTION TO RECONSIDER STAY OF PROCEEDINGS
### CIVIL RULE 77(k)(1)(i) And (ii)

On December 8, 2005, this court entered a fourteen (14) day stay providing that "no further action be taken in this case," to allow the defendant time to file a copy of its bankruptcy petition. Accordingly, Ahtna Government Services Corporation ("AGSC"), calendared December 22, 2005, as the date to file its Response to the Suggestion of Bankruptcy and to advise the court of the fact that, among other things, no bankruptcy stay applies in this case because the dispute involves an asset that was transferred out of the bankruptcy estate to a third party assignee (J.W. Rayder) by a June 22, 2005, order confirming CRF's Chapter 11 plan. The applicable law is found in 11 U.S.C. § 362(c)(1), and provides that the automatic stay "continues until such property is no longer property of the estate."

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99502 - Motion to Reconsider Stay of Proceedings
*AGSC v. Capitol Resource; Case No. 3AN-04-07208 CI; Page 1 of 3*



Exhibit D Page 1 of 32

On December 14, 2005, J.W. Rayder filed Notice of Proof of Bankruptcy Filing, and on December 15, 2005, this court entered its Notice of Stay of Proceedings on Bankruptcy. Because that Notice of Stay failed to consider a statute (11 U.S.C. § 362(c)), overlooks or misconceives material facts (the assets were transferred to Rayder), and propositions of law (a post confirmation liquidating trustee is an assignee, not a bankruptcy trustee), and because the Notice was issued even before this court's fourteen (14) day stay had run, thereby denying AGSC an opportunity to be heard, AGSC moves for reconsideration.

This motion is supported by the accompanying memorandum of points and authorities. For all these reasons, the court should reconsider its Notice of Stay and to order the parties to proceed in AGSC's Complaint for Declaratory Relief.

DATED this 21st day of December, 2005, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for Plaintiffs

By: _____
Bruce A. Moore
Bar No. 8611124

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

99502 - Motion to Reconsider Stay of Proceedings
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 2 of 3

This is to certify that a true copy of
the foregoing was mailed this 21st day
of December, 2005, to the following:

Herbert A. Viergutz
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Ste. 280
Anchorage, AK 99501

By _____
     Juliana Wood

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99502 - Motion to Reconsider Stay of Proceedings
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 3 of 3

Exhibit ▢ Page __3__ of ___

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

AHTNA GOVERNMENT               )
SERVICES CORPORATION,          )
                               )
                Plaintiff,     )
                               )
v.                             )
                               )
CAPITOL RESOURCE FUNDING, INC. )
                               )
                Defendant.     )    Case No. 3AN-04- 07208 CI
_____)

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER
### RESPONSE TO SUGGESTION OF BANKRUPTCY

Plaintiff Ahtna Government Services Corporation ("AGSC"), hereby responds to the Suggestion of Bankruptcy filed by J. W. Rayder, Plan Trustee of the Post Confirmation Estate Trust of Capital Resource Funding, Inc., ("Rayder"), and the subsequent Notice of Proof of Bankruptcy Filing. AGSC also submits this memorandum in support of its motion to reconsider the Notice of Stay of Proceedings, dated 12/15/2005.

The August 26, 2004, involuntary bankruptcy petition of Capital Resource Funding, Inc., ("CRF"), is not disputed. However, the protections provided by the 2004 petition have been removed and superseded by the June 22, 2005 Order Confirming Plan. The bankruptcy stay does not apply in this case now because a plan of reorganization was confirmed in which the assets of the estate have been transferred to Rayder. The

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 1 of 12

automatic stay under 11 U.S.C. § 362(c)(1) does not apply to conveyed assets.    In addition, the bankruptcy court did not order any other stay during the bankruptcy under 11 U.S.C. § 105(a), Rayder and the liquidating trust are assignees, not a bankruptcy trustee and a bankruptcy estate, and AGSC is not a creditor of the estate covered or bound by the terms of the plan of reorganization.

Further, contrary to Rayder's allegation in the Suggestion of Bankruptcy, this case was filed first in Alaska and served first on Rayder. AGSC was not served with the Virginia contract action until December 14, 2005.    Finally, the contract at issue is governed by Alaska law.    In these circumstances, the above captioned case for declaratory relief can and should proceed before this court.

**BACKGROUND**

Ahtna Government Services Corporation, ("AGSC"), is an Alaska corporation with offices in Anchorage, Alaska.    AGSC is in the business of government contracting and, in 2001, accepted a contract to provide services for the United States Social Security Administration.    To fulfill the Social Security contract, AGSC entered into a subcontract agreement with Management Assistance Concepts Corporation, ("MACC"), a California corporation.    In their agreement, AGSC and MACC chose

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 2 of 12

Alaska law and agreed not to make any assignments of their rights.

Without AGSC's knowledge or consent, however, MACC borrowed money from Capitol Resource Funding Inc., ("CRF"), and gave CRF an assignment of its right to a portion of the proceeds under the Social Security contract. Notice of the assignment and subsequent payment instructions provided to AGSC by MACC and CRF were unclear and conflicting. AGSC has made all the payments MACC was entitled to under the Social Security contract, either to MACC or CRF, as directed, but CRF claims it is entitled to more.

In January of 2004, after considering this information, AGSC terminated its relationship with MACC.[1] In March of 2004, CRF informed AGSC directly that it had not received approximately $1.6 million of the assigned proceeds it was entitled to from MACC's portion of the Social Security contract. In May of 2005, AGSC filed the instant action for declaratory relief to sort through the assignment issues under Alaska law, however, because AGSC and CRF continued to discuss and work through the payment and accounting issues relating to the MACC assignment, AGSC chose not to serve the summons and complaint on CRF.

---

[1] On March 26, 2004, MACC and its principals filed for bankruptcy protection in California.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 3 of 12

On August 26, 2004, several creditors of CRF filed an involuntary Chapter 7 liquidation bankruptcy petition for CRF in Alexandria, Virginia. CRF had the case was converted to Chapter 11 reorganization. AGSC was not a creditor of CRF, did not receive notice of the bankruptcy, and did not appear in the CRF bankruptcy matter.

In November of 2005, AGSC learned that a Chapter 11 bankruptcy plan had been confirmed, and that a post-confirmation liquidating trustee (Rayder) had been appointed. AGSC then took steps to serve that liquidating trustee with summons and complaint in the instant declaratory judgment matter. AGSC was successful in serving Rayder with the summons and complaint in this matter on November 21, 2005. Rayder did not serve AGSC with the summons and complaint in the Virginia matter until December 14, 2005. Copies of service receipts are attached as Exhibits A and B. Rayder entered an appearance and filed a Suggestion of Bankruptcy. This court entered a 14 day stay during which period Rayder filed a copy of the 2004 involuntary petition. This court then entered its stay order before the 14 days had run and without being fully apprised of the confirmed plan and the transfer of assets to the non-bankrupt third party Rayder.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 4 of 12

## DISCUSSION

Rayder raised the spectre of bankruptcy to avoid AGSC's complaint, but the law and facts do not support the imposition of a stay in this case. By way of background, when a bankruptcy petition is filed, all of the assets of the bankrupt debtor become property of the bankruptcy estate, 11 U.S.C. § 541, and the automatic stay operates to stay all actions against the bankrupt debtor or the assets of the bankruptcy estate. 11 U.S.C. § 362. In addition to the automatic stay of section 362, the bankruptcy judge has the power to order stays or injunctions. 11 U.S.C. § 105.[2] No orders under section 105 appear to have been entered in the CRF bankruptcy.

A bankruptcy trustee is generally appointed as the fiduciary and representative of the bankruptcy estate, 11 U.S.C. § 323,[3] except, as here, when the case is a Chapter 11 reorganization. In a Chapter 11, the debtor-in-possession (CRF) is the representative of the bankruptcy estate. 11 U.S.C. § 1101(1). No bankruptcy trustee was appointed in the CRF bankruptcy.

---

[2] Rayder's Suggestion of Bankruptcy, at page 3, implies that this continues the automatic stay, but because the section 362 stay is automatic, not created by a court order under section 105, and expires under its own statutory terms, this implication is incorrect.

[3] Bankruptcy trustees are appointed from a panel of approved, bonded and qualified individuals. J.W. Rayder is not listed by the U.S. Trustee's Office as a panel trustee for the Eastern (or Western) District of Virginia.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

The goal of Chapter 11 reorganization is the confirmation of a plan. 11 U.S.C. § 1141. In the CRF bankruptcy, a Chapter 11 plan of liquidation was confirmed on June 22, 2005. A copy of the Order Confirming Plan is attached as Exhibit C. Under the confirmation order, all of assets of the bankruptcy estate were vested "free and clear" in the Post Confirmation Estate Trust controlled by Rayder as the appointed trustee.[4] One of these assets is CRF's MACC-assignment claim against AGSC.[5]

The confirmed plan can convey the assets of the bankruptcy estate to a third party. 11 U.S.C. § 1123(a)(5)(B). It can also discharge the obligations of the debtor. 11 U.S.C. § 1141(d). In either case, the confirmation of the plan will remove the automatic stay. 11 U.S.C. § 362 (c)(1)(stay continues until the property is no longer property of the estate) and (c)(2)(stay continues until the time of discharge). As discussed, in the CRF confirmed plan, the MACC-assignment claim was conveyed to a third party, it is no longer property of the bankruptcy estate, and the automatic stay ceased to apply when it was vested in a liquidating trust under the control of J.W. Rayder. 11 U.S.C. § 362(c)(1).

---

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

[4] Confirmation Order, page 5, at ¶¶ 5 through 8.
[5] Suggestion of Bankruptcy, at page 2.

99349 – Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 6 of 12

**A.    The automatic stay does not apply to this dispute.**

The asset at issue in AGSC's Complaint for Declaratory Judgment[6] is a claim CRF asserts against AGSC through an assignment from MACC. Under 11 U.S.C. § 363(c)(1), the automatic stay protecting an asset ceases to exist when a bankruptcy estate asset ceases to be property of the bankruptcy estate. As the Order Confirming Plan and Rayder's Suggestion of Bankruptcy describe, this asset has been transferred to Rayder and the post confirmation liquidating trust. Rayder has filed suit in federal district court, not bankruptcy court. The asset no longer belongs to the bankruptcy estate; the automatic stay no longer applies.

This rule is explained in the case of *In re Paradise Valley Country Club*,[7] where a Chapter 11 plan was confirmed which vested all property of the estate in the debtor. When, after plan confirmation, Sun Valley Development Company filed a forcible entry and detainer action against the debtor and prevailed in state court, the debtor sought to have that decision overturned by the bankruptcy court as a violation of the automatic stay. The bankruptcy court denied this request and held, in the words of the district court affirming on appeal, that:    "the

---

[6] One court has held that the automatic stay does not apply to declaratory judgment actions.    *See Certain Underwriters at Lloyds v. Dean Shank Drilling*, 1992 U.S. Dist. Lexis 18018 (E.D. La. 1992).
[7] 31 B.R. 613 (U.S.Dist.Ct. Colo. 1983)

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 7 of 12

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Exhibit D Page 10 of ___

confirmation of the plan vested all property of the estate in the debtor, and the stay was therefore not in effect under 362(c)(1) when the suit was commenced."[8]

Thus, here, as in *Paradise Valley*, where the AGSC/MACC assignment claim asset was vested in Rayder and the liquidation trust, the stay is no longer in effect. Rayder's statement in the Suggestion of Bankruptcy that the stay continues under 362(c)(2) is also incorrect.[9] The applicable provision here is section 362(c)(1) because this case involves a former asset of the bankruptcy estate. Similarly, Rayder's reliance on 11 U.S.C. § 105(a)[10] is also incorrect: the bankruptcy court in the CRF case did not order any stays or injunctions under section 105(a) that would be continued in effect under the plan. This asset lost the protection of the automatic stay when it became property of the liquidating trust and there are no other stays or injunctions entered under the plan.

**B.    Rayder is not a "bankruptcy trustee" in this case.**

Rayder encourages the court accept his appearance as a bankruptcy trustee and the post confirmation liquidation trust as a bankruptcy estate. Neither appearance is true. J.W. Rayder was not appointed as, and is not acting as, the trustee

---

[8] 31 B.R. at 614.
[9] Suggestion of Bankruptcy, at page 3.
[10] Suggestion of Bankruptcy, at page 3.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 – Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 8 of 12

for the Chapter 11 bankruptcy estate of CRF. First, a bankruptcy trustee is not appointed in a Chapter 11 case unless a motion is filed for cause. 11 U.S.C. § 1104. Second, Rayder does not appear on the list of panel trustees for the Eastern District of Virginia. Instead, Rayder is simply the Liquidating Plan Trustee and in this capacity, Rayder's and the liquidating trust's legal status is that of an assignee.

In the case of *Holywell Corporation v. Fred Stanton Smith*,[11] the Supreme Court was required to decide whether Smith's appointment as a post-confirmation Chapter 11 plan liquidating trustee made him either a "'receiver,' a 'trustee in a case under title 11 of the United States Code [i.e., the Bankruptcy Code,' or an 'assignee.'" The Court clearly decided that Smith was an "assignee."

Thus, Rayder's status is that of an assignee of the post-confirmation assets of the CRF bankruptcy estate. Rayder is not cloaked with the powers and protections of a bankruptcy trustee.

**C. The liquidating trust is not the bankruptcy estate.**

The CRF Liquidating Trust is not the bankruptcy estate. This was also established in the *Holywell* case, where the Court held that the liquidating trust in that case was not a substitute for the bankruptcy estate:

---

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
———
(907) 279-9574

[11] 503 U.S. 47, 53 (U.S. 1992).

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 9 of 12

> The plan did not simply substitute the trustee for Gould as the fiduciary for the estate. Rather, it created a separate and distinct trust holding the property of the estate and gave the trustee control of this property. The Bankruptcy Code expressly permits this arrangement. *See* § 1123(a)(5)(B)(authorizing a plan to transfer 'all or any part of the property of the estate to one or more entities, whether organized before or after confirmation of such plan'). The trustee, therefore, is not acting as the fiduciary of Gould's bankruptcy estate.[12]

This holding has direct application to our case where the plan created a separate and distinct trust, conveyed the property of the bankruptcy estate to that trust, and appointed Rayder as the trustee. In these circumstances, Rayder is not the bankruptcy trustee and the liquidating trust is not the bankruptcy estate. The automatic stay does not protect them or the assets vested in them upon confirmation.

**D.    AGSC filed first and obtained service first.**

AGSC filed the instant declaratory judgment action in May of 2004; Rayder filed the Virginia contract action in October of 2005. In general application, the first-in-time rule holds that the second case should be stayed or dismissed and the parties should proceed in the first case.[13]

AGSC served Rayder on November 21, 2005, by certified mail. Rayder served AGSC by FedEx on December 14, 2005. Thus, the

---

[12] 503 U.S. at 56.

[13] *British Telecom v. McDonnell Douglas*, 1993 U.S.Dist. Lexis (N.D.Cal. 1993)(discussing 9th Circuit law).

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 - Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 10 of 12

implication in the Suggestion of Bankruptcy that Rayder served AGSC first and that AGSC served Rayder in response is false. Rayder states: "AGSC finally attempted to serve this Complaint in mid-November, 2005 – weeks after being served with the Contract Action, more that a year after the CRF bankruptcy was filed."[14]    In fact, AGSC could not serve the summons and complaint during the bankruptcy, and took steps to do so only when it learned of the plan confirmation and appointment of Rayder, i.e. after the automatic stay ceased to apply.

### CONCLUSION

This case involves a contract with an Alaska corporation, that is governed by Alaska law, and that was filed first in Alaska.  It should be litigated in Alaska.  The CRF bankruptcy has no control over this action.  The contract was once an asset of the bankruptcy estate, but it has been assigned to a liquidating trust that is not a bankruptcy estate, and under the control of Rayder, who is not a bankruptcy trustee.  The automatic ceased to apply to this asset when it became vested in the liquidating trust by operation of the confirmed plan.  There was no stay ordered under 11 U.S.C. § 105 and AGSC was not a creditor or party to the bankruptcy bound by any of the terms of

---

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

[14] Suggestion of Bankruptcy, page 2.

99349 – Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 11 of 12

the confirmed plan.    For all these reasons, this court should vacate the Notice of Stay of Proceedings on Bankruptcy.

DATED this 21st day of December, 2005, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for Plaintiffs

By: _____
　　Bruce A. Moore
　　Bar No. 8611124

This is to certify that a true copy of
the foregoing was mailed this 21st day
of December, 2005, to the following:

Herbert A. Viergutz
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Ste. 280
Anchorage, AK 99501

By _____
　　Juliana Wood

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99349 – Memorandum in Support of Reconsideration
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 12 of 12

Exhibit **D** Page **15** of ___

RETURN RECEIPT REQUESTED
USPS MAIL CARRIER
DETACH ALONG PERFORATION

**2. Article Number**

7160 3901 9848 5116 3095

**3. Service Type  CERTIFIED MAIL**

**4. Restricted Delivery? (Extra Fee)**  ☒ Yes

**1. Article Addressed to:**

J.W. Rader, Plan Trustee of the
Capitol Resource Funding Liquidation Trust
c/o  Stephen M. Seeger, Esq.
Quagliano & Seeger PC
2620 P St. NW
Washington, DC 20007



COMPLETE THIS SECTION ON DELIVERY

**A. Received by (Please Print Clearly)**    **B. Date of Delivery**
Trisha Dupree    11-21-05

**C. Signature**
X    ☐ Agent  ☐ Addressee

**D. Is delivery address different from item 1?**  ☐ Yes
If YES, enter delivery address below:    ☐ No

Reference Infor...  **RECEIVED –**

6974.6          NOV 2 9 2005

mcg/bam    DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

PS Form 3811, July 2001          Domestic Return Receipt

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
12/14/2005
Log Number 510773403

**TO:**     Jacqueline Saites
         AHTNA Government Services Corporation
         Suite 600 H, 3680 Industrial Boulevard
         West Sacramento, CA, 95691

**RE:**     **Process Served in Virginia**

**FOR:**    AHTNA Government Services Corporation (Domestic State: AK)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | J.W. Rayder, as Plan Trustee of the Capital Resource Funding Liquidation Trust, Pltf. vs. AHTNA Governmental Services Corp., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons in a Civil Case, Notice, Civil Cover Sheet, Complaint, Exhibits 1-5 |
| **COURT/AGENCY:** | United States District Court - Alexandria Division, Va Case # 1:05CV1251 JCC/TRJ |
| **NATURE OF ACTION:** | Monies Due and Owing - $1,611,484.50 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2005 at 13:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Stephen M. Seeger Quagliano & Seeger, PC 2620 P. Street Washington, DC, 20007 202-822-8838 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790745848454 |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Nanette Rider 4701 Cox Road Suite 301 Glen Allen, VA, 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of  1 / RC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

Exhibit D Page 17 of ___



## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### (Alexandria Division)

In re:                                        *

CAPITOL RESOURCE FUNDING, INC.,               *          Case No. 04-13620-RGM
                                                         (Chapter 11)
         Debtor in possession.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER CONFIRMING JOINT LIQUIDATING PLAN OF CAPITOL RESOURCE FUNDING, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CAPITOL RESOURCE FUNDING, INC.

Upon the Joint Liquidating Plan of Capitol Resource Funding, Inc. and The

Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. (the "Plan"), dated

April 5, 2005, which Plan was jointly proposed and filed with this Court by Capitol Resource

Funding, Inc. (the "Debtor"), the debtor in possession in this case, and the Official Committee of

Unsecured Creditors of Capitol Resource Funding, Inc. (the "Committee"); and upon the

Disclosure Statement for the Plan, dated April 5, 2005 (the "Disclosure Statement"), which

Disclosure Statement was proposed and filed with this Court by the Debtor; and upon (a) the

hearing held before this Court on May 10, to consider approval of the Disclosure Statement, and

(b) the Order Approving Disclosure Statement (the "Disclosure Statement Order") dated May

10, 2005; and upon the Summary of Ballots filed with this Court on June 20, 2005; and the

Disclosure Statement (with a copy of the Plan attached thereto as Exhibit A), the Disclosure

Stephen E. Leach (Va. Bar No. 20601)
LEACH TRAVELL, a professional corporation
1921 Gallows Road, Suite 425
Vienna, Virginia 22182
(703) 448-5652
Co-Counsel to the Committee

Lawrence A. Katz (Va. Bar No. 47664)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1921
Counsel to the Debtor

Statement Order, the Notice of Hearing on Plan Confirmation, a ballot, a copy of the Plan

reflecting the Modifications (defined below) and to which was appended the Liquidating Trust

Agreement as Exhibit 1, and related materials (collectively, the "Solicitation Materials") having

been transmitted to all known holders of claims entitled to vote on the Plan and other parties in

interest; and the Disclosure Statement Order having fixed June 17, 2005 as the last day for filing

objections to confirmation of the Plan; and upon the Modifications to the Plan proposed by the

Debtor and the Committee; and a hearing to consider confirmation of the Plan having been duly

noticed and held before this Court on June 22, 2005 (the "Confirmation Hearing"); and upon the

full and complete record of the Confirmation Hearing and all matters and proceedings heretofore

part of the record of this case; and after due deliberation and good cause appearing therefore, this

Court makes the following findings of fact and conclusions of law and orders:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Pursuant to and in compliance with section 1127(a) of the Bankruptcy Code and

Bankruptcy Rule 3019, and as provided in Article 10.1 of the Plan, the Debtor and the

Committee proposed certain modifications to Article 1.1.24 of the Plan (collectively, the

"Modifications") on the record at the Confirmation Hearing. The Modifications have the effect

of changing the Effective Date of the Plan from the tenth day after the Confirmation Order

becomes a Final Order to the day after the entry of the Confirmation Order unless the effect of

the Confirmation Order is stayed. The Debtor included a copy of the Plan reflecting the

Modifications as part of the Solicitation Materials. Under the circumstances, the form and

manner of notice of the proposed Modifications are due and adequate, and no other or further

notice of the Modifications is necessary.

---

[4] Article 2. 2. of the Plan provides in its entirety as follows:

B.    In accordance with Bankruptcy Rule 3019, the Modifications do not (i) affect the classification of Claims or Interests or adversely affect the treatment afforded holders of Claims or Interests; (ii) constitute material modifications of the Plan under section 1127 of the Bankruptcy Code; (iii) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code; (iv) adversely change the treatment of holders of Claims who have accepted the Plan; or (v) require re-solicitation of acceptances or rejections from any such holders nor do they require that any holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

C.    All references to the Plan contained in this Order shall be to the Plan as modified by the Modifications.

D.    All defined terms used but not otherwise defined in this order shall have the meanings ascribed to such terms in the Plan.

E.    This Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions to title 11 of the United States Code (the "Bankruptcy Code") and should be confirmed.

F.    This Court takes judicial notice of the docket in this chapter 11 case maintained by the Clerk of this Court and all pleadings referenced therein, including all documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of this chapter 11 case, including, without limitation, the Disclosure Statement Hearing and the Confirmation Hearing.

G.    Adequate and sufficient notice of the Disclosure Statement, the Plan and of the

- 3 -

Confirmation Hearing, along with the deadline for voting on or objecting to the Plan has been

given to (i) holders of Claims placed in a class entitled to vote to accept or reject the Plan, (ii)

holders of Claims and Interests placed in a class that is deemed to accept or reject the Plan and,

thus, not entitled to vote on the Plan pursuant to section 1126 of the Bankruptcy Code, (iii) those

parties requesting notice pursuant to Bankruptcy Rule 2002 who are not entitled to vote to accept

or reject the Plan and (iv) those parties listed in the creditor matrix who are not entitled to vote to

accept or reject the Plan, in compliance with Bankruptcy Rules 2002(b), 3017 and 3020(b).

        H.      Ballots were properly transmitted to holders of Claims in Class 3 (General

Unsecured Claims), the only Class under the Plan that is treated as impaired within the meaning

of section 1124 of the Bankruptcy Code and entitled to vote to accept or reject the Plan (the

"Voting Class").

        I.      The Debtor and the Committee have properly solicited votes on the Plan in good

faith and in a manner consistent with the Bankruptcy Code.

        J.      The Summary of Ballots filed by the Committee complies with the requirements

of Local Bankruptcy Rule 3016-1(D) and is consistent with Bankruptcy Rule 3018.

        K.      J.W. Rayder of Chevy Chase, Maryland, has been selected as Plan Trustee of the

Post Confirmation Estate Trust to which, pursuant to the Plan, all of the assets of the Debtor's

bankruptcy estate shall be transferred and assigned upon the Effective Date of the Plan.

        L.      The Committee, as presently constituted but without the participation of J.W.

Rayder who has resigned as its Chair, shall continue to function following the Effective Date

pursuant to the terms of, and for the purposes set forth in, the Liquidating Trust Agreement, a

copy of which is attached as Exhibit 1 to the Plan.

        M.      The Plan complies in all respects with the applicable requirements of section 1129

- 4 -

of the Bankruptcy Code, and all of the requirements for confirmation of the Plan set forth in

section 1129 of the Bankruptcy Code have been satisfied.

## ORDER CONFIRMING THE PLAN

    1.     The Plan and each of the Plan's provisions are confirmed in each and every

respect pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated

by reference into, and are an integral part of, this Confirmation Order. All objections and

responses to the Plan are overruled, to the extent not already withdrawn.

    2.     The Modifications to the Plan are approved pursuant to section 1127(a) of the

Bankruptcy Code, do not require additional disclosure or solicitation under Bankruptcy Rule

3019, and are incorporated into the Plan as confirmed by this Confirmation Order.

    3.     The Effective Date of the Plan shall be the day after entry of this Confirmation

Order unless the effect of this Order is stayed by separate order of this Court.

    4.     In accordance with section 1141 of the Bankruptcy Code, the Plan and this

Confirmation Order are binding upon the Debtor, the Post Confirmation Estate Trust, the Plan

Trustee, the Committee, any entity acquiring or receiving property under the Plan, any holder of

a Claim or Interest, whether or not the Claim or Interest is allowed under 11 U.S.C. § 502 or

impaired under the Plan, and whether or not the holder of such Claim or Interest has filed, or is

deemed to have filed, a proof of Claim or Interest, or has accepted or rejected the Plan.

    5.     Pursuant to section 1141 of the Bankruptcy Code, on the Effective Date (a) all of

the property of the Debtor's estate is vested in the Post Confirmation Estate Trust, as

contemplated by the Plan, and the vesting of the Debtor's assets in the Post Confirmation Estate

Trust is free and clear of any and all liens, claims, encumbrances and interests, and all rights in

and to the assets vested in the Post Confirmation Estate Trust shall be based upon, and governed

by, the Plan and the Liquidating Trust Agreement. The assets vested in the Post Confirmation

Estate Trust shall include, but not be limited to, (a) that certain real estate condominium located

at 3445 Honoapiilani Highway, Apartment 139, Lahaina, Hawaii 96761, otherwise known as

Kaanapali Shores Project, Apartment No. 139, TMK: (2) 4-4-1-97-21, CPR No. 21; (b) all rights

as holder of that certain Promissory Note Secured by Mortgage on Real Estate (the "Foster

Note"), dated August 20, 2003, executed by Steven D. Foster and Carolyn S. Foster as Makers;

(c) all rights as Mortgagee under that certain Mortgage, Security Agreement and Financing

Statement made by Steven D. Foster and Carolyn S. Foster, Husband and Wife, as Mortgagors,

recorded with the State of Hawaii Bureau of Conveyances on August 29, 2003 as Document No.

2003-183258, which Mortgage secures repayment of all amounts due under the Foster Note; (d)

all of Debtor's rights under that certain Lease between Washington Real Estate Investment Trust,

as Landlord, and the Debtor as Tenant, dated June 1, 2003 with respect to Suite 310, 515 King

Street, Alexandria, Virginia 22314; and (e) all of the Debtor's rights under that certain Sublease

by and Between Capitol Resource Funding, Inc., as Sublessor, and MultiState Associates

Incorporated, as Sublessee, dated July 20, 2004 covering a portion of the premises known as

Suite 310, 515 King Street, Alexandria, Virginia 22314.

      6.      Immediately upon the entry of this Confirmation Order, the terms of the Plan, the

Liquidating Trust Agreement, and all other relevant and necessary documents shall be, and

hereby are, deemed effective and binding upon the Debtor, the Committee, any and all holders of

Claims or Interests, any and all non-Debtor parties to executory contracts and unexpired leases

with the Debtor, any other interested parties, and all respective heirs, executors, administrators,

successors or assigns, if any, of any of the foregoing parties.

      7.      The Liquidating Trust Agreement and the Post Confirmation Estate Trust created

thereunder are hereby confirmed and approved.

8.. Effective on the Effective Date, J.W. Rayder is hereby approved as the Plan Trustee of the Post Confirmation Estate Trust pursuant to the Plan and the Liquidating Trust Agreement.

9. Pursuant to section 1146(c) of the Bankruptcy Code, (i) the creation, modification, consolidation, or recording of any mortgage, deed of trust, or other security interest; (ii) the making, assignment or recording of any lease or sublease; or (iii) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transactions arising out of, contemplated by, or in any way related to the Plan or this Confirmation Order, shall not be subject to any stamp tax or similar tax; and the appropriate state or local governmental officials or agents shall be, and hereby are, directed to forego the collection of any such tax and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

10. Upon the Effective Date the Plan Trustee shall have all rights of and on behalf of the Debtor and the Post Confirmation Estate Trust to enforce any judgments held by the Debtor, and the Plan Trustee shall be empowered to commence and pursue any and all Causes of Action and Non-Debtor Causes of Action (under any theory of law, including, without limitation, the Bankruptcy Code, and in any court or other tribunal including, without limitation, in an adversary proceeding filed in the Debtor's Chapter 11 Case).

11. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, this Court shall retain and have jurisdiction after the Effective Date over any

matter arising under the Bankruptcy Code, arising in or relating to the Chapter 11 Case or the Plan including, without limitation, all categories specifically set forth in Article XII of the Plan, in each case to the greatest extent permitted by applicable law.

12.　　Pursuant to Bankruptcy Rule 2002(f)(7), the Debtor or the Plan Trustee, as applicable, is directed to serve upon all holders of Claims or Interests, all non-Debtor parties to executory contracts and unexpired leases to which the Debtor is a party, all known holders of Administrative Claims, and all other known parties in interest, as soon as reasonably practicable after the Effective Date, a notice substantially in the form annexed hereto as Exhibit A regarding the entry of this Confirmation Order, the Effective Date, and the Administrative Claims Bar Date, and a notice substantially in the form annexed hereto as Exhibit B regarding the deadline for filing Claims arising from the rejection of executory contracts and unexpired leases.

13.　　Pursuant to Article 6.1.4 of the Plan, no applications need be filed for compensation and reimbursement by Professionals engaged by the Plan Trustee for services rendered or expenses incurred on or after the Effective Date, and such compensation and reimbursement may be paid by the Post Confirmation Estate Trust in accordance with the Plan, the Liquidating Trust Agreement, ordinary business practices, and without order of this Court.

14.　　To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Order shall control.

Date:　June 22, 2005　　　　　　　/s/ Robert G. Mayer
　　　　　　　　　　　　　　　United States Bankruptcy Judge

　　　　　　　　　　　　Entered on Docket: _____

- 8 -

Exhibit D Page 25 of ___

We ask for this:

_____/s/Lawrence A. Katz_____
Lawrence A. Katz, (Va. Bar No. 47664)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone:    (703) 760-1921
Telecopier:    (703) 821-8949
Counsel to the Debtor

_____/s/Gus H. Small_____
Gus H. Small (Ga. Bar No. 63500)
COHEN POLLOCK MERLIN AXELROD
   & SMALL, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
Telephone:  (770) 857-4806
Telecopier:  (770) 857-4807
Co-counsel to the Committee

_____/s/Stephen E. Leach_____
Stephen E. Leach (Va. Bar No. 20601)
LEACH TRAVELL, a professional corporation
1921 Gallows Road, Suite 425
Vienna, Virginia 22182
Telephone:  (703) 448-5652
Telecopier:  (703) 448-5651
Co-counsel to the Committee

Exhibit ◯ Page 2⁶ of ___

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

In re:                                                    *

CAPITOL RESOURCE FUNDING, INC.,          *          Case No. 04-13620 RGM
                                                                       (Chapter 11)

        Reorganized Debtor.          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**NOTICE OF CONFIRMATION AND OF THE EFFECTIVE DATE OF THE
JOINT LIQUIDATING PLAN OF CAPITOL RESOURCE FUNDING, INC.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CAPITOL RESOURCE
FUNDING, INC.**

**and**

**NOTICE OF THE ADMINISTRATIVE CLAIM BAR DATE**

TO ALL CREDITORS AND PARTIES IN INTEREST:

       You are hereby notified that on June 22, 2005, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), entered an order confirming the Joint Liquidating Plan of Capitol Resource Funding, Inc. and the Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. (the "Plan"). Thus the **Confirmation Date**, as defined in Article 1.1.17 of the Plan, was June 22, 2005.

       The **Effective Date** of the Plan, as defined in Article 1.1.24 of the Plan, occurred on **June 23, 2005**. The Plan is now effective and binding upon all creditors of Capitol Resource Funding, Inc. (the "Debtor") and all parties in interest in the above-captioned bankruptcy case.

       You are further notified that Article 2.2 of the Plan creates an Administrative Claim Bar Date (the "Bar Date"), which is 30 days after the Effective Date.[4] Nonetheless, because the 30th day following the Effective Date falls upon a Saturday, **the Bar Date for the filing of Administrative Claims in this case is Monday, July 25, 2005**. In light of the Bar Date, all holders of Administrative Claims against the Debtor (i.e. claims that arose on or after September 23, 2004 (the date the Bankruptcy Court entered an order for relief as to the Debtor) and the Effective Date must file their Administrative Claims with the Bankruptcy Court and serve such claims on the Plan Trustee **on or before July 25, 2005. Any Administrative Claim that is not filed with the Bankruptcy Court and served on the Plan Trustee at the address given below on or before the Bar Date shall be forever barred from payment**.

       Unless you are authorized to file documents electronically, an Administrative Claim must be filed with the Bankruptcy Court by mail, overnight delivery service, or in person at the following street and mailing address:

           Clerk, United States Bankruptcy Court
           Eastern District of Virginia
           200 South Washington Street
           Alexandria, Virginia 22314-5405

       An Administrative Claim must also be served upon the Plan Trustee by mail, overnight delivery service, or in person at the following street and mailing address:

- 10 -

J.W. Rayder, Plan Trustee
c/o Gus H. Small
Cohen Pollock Merlin Axelrod & Small, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339-3359.

If you choose to file and serve an Administrative Claim by mail or delivery service, it must be sent early enough so that it is **actually received** by the Clerk of the Bankruptcy Court **on or before July 25, 2005.**

Notwithstanding the foregoing, holders of Administrative Claims against the Debtor that were incurred by the Debtor in the ordinary course of the Debtor's business need not be filed with the Bankruptcy Court to be paid. It is the sole responsibility of the holder of an Administrative Claim to determine whether such claim was incurred in the ordinary course of the Debtor's business.

Any creditor or party in interest with questions should contact counsel to the Plan Trustee identified below.
Dated: June ___, 2005                    Respectfully submitted,

LEACH TRAVELL, a professional corporation

_____/s/Stephen E. Leach_____
Stephen E. Leach (Va. Bar No. 20601)
1921 Gallows Road, Suite 425
Vienna, Virginia 22182
Telephone:        (703) 448-5652
Telecopier:        (703) 448-5651
E-Mail: sleach@leachtravell.com

Co-counsel to the Plan Trustee

Gus H. Small
Georgia Bar No. 653200
Bruce Z. Walker
Ga. State Bar No. 731260
COHEN POLLOCK MERLIN AXELROD
& SMALL, A Professional Corporation
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
Telephone: 770-858-1288

Co-counsel to the Plan Trustee

# EXHIBIT "B"

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

In re:                                            *

CAPITOL RESOURCE FUNDING, INC.,        *        Case No. 04-13620 RGM
                                                          (Chapter 11)

                    Reorganized Debtor.    *

*        *        *        *        *        *        *        *        *        *        *        *        *

### NOTICE OF DEADLINE FOR FILING EXECUTORY CONTRACT
### AND UNEXPIRED LEASE REJECTION CLAIMS

TO ALL CREDITORS AND PARTIES IN INTEREST:

You are hereby notified that on June 22, 2005, the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court") entered an order (the **"Confirmation Order"**) confirming the Joint Liquidating Plan of Capitol Resource Funding, Inc. and the Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. (the "Plan"). Thus the Plan **Confirmation Date**, as defined in Article 1.1.17 of the Plan, was June 22, 2005.

The **Effective Date** of the Plan, as defined in Article 1.1.24 of the Plan, occurred on **June 23, 2005.** The Plan is now effective and binding upon all creditors of Capitol Resource Funding, Inc. (the "Debtor") and all parties in interest in the above-captioned bankruptcy case.

You are further notified that Article 9.1 of the Plan provides that **the Confirmation Order constitutes an order rejecting all executory contracts and unexpired leases to which the Debtor was a party on August 26, 2004** (the date the bankruptcy petition was filed commencing the Debtor's bankruptcy case), except for executory contracts and leases which the Debtor "assumed" or "assumed and assigned" during the bankruptcy case or which were the subject of a motion to assume or to assume and assign which had not been ruled upon by the Bankruptcy Court as of the Confirmation Date.[5]

You are further notified that Article 9.2 of the Plan provides that all Claims arising from the rejection of an executory contract or unexpired lease (a "Rejection Claim") must be filed with the Bankruptcy Court and served upon the Plan Trustee at the address given below within 30 days after the Confirmation Order becomes a Final Order (as defined in Article 1.1.26 of the Plan).[6] The Confirmation Order will become a Final Order on July 5, 2005. **Accordingly, the deadline for filing a Rejection Claim with the Bankruptcy Court and serving the**

---

[5] Article 9.1 of the Plan provides in its entirety as follows:

The Confirmation Order shall automatically constitute an order approving the rejection, as of the Effective Date, of all executory contracts and unexpired leases of the Debtor that existed at the time the Chapter 11 Case was filed except for (a) any executory contracts or unexpired leases assumed by the Debtor or assumed and assigned by the Debtor to third parties on or before the Confirmation Date; or (b) any executory contracts or unexpired leases which are the subject of a motion to assume or to assume and assign filed prior to the Confirmation Date that has not been ruled upon by the Bankruptcy Court as of the Confirmation Date.

[6] Article 9.2 of the Plan provides in its entirety as follows:

All Claims arising from the rejection of executory contracts or unexpired leases shall be filed and served upon the Debtor and the Plan Trustee within thirty (30) days after the later of (a) entry of a Final Order authorizing such rejection and (b) the date on which the Confirmation Order becomes a Final Order. Any such claim not filed within the required time period shall be deemed disallowed.

- 12 -

Rejection Claim upon the Plan Trustee is August 4, 2005.  Any Rejection Claim that is not filed with the Bankruptcy and served upon the Plan Trustee on or before August 4, 2005 <u>will be disallowed and will not be entitled to any distribution or payment</u>.

Unless you are authorized to file documents electronically, a Rejection Claim  must be filed with the Bankruptcy Court by mail, overnight delivery service, or in person at the following street and mailing address:

> Clerk, United States Bankruptcy Court
> Eastern District of Virginia
> 200 South Washington Street
> Alexandria, Virginia 22314-5405

A Rejection Claim must also be served upon the Plan Trustee by mail, overnight delivery service, or in person at the following street and mailing address:

> J.W. Rayder, Plan Trustee
> c/o Gus H. Small
> Cohen Pollock Merlin Axelrod & Small, P.C.
> 3350 Riverwood Parkway, Suite 1600
> Atlanta, Georgia 30339-3359.

If you choose to file and serve a Rejection Claim by mail or delivery service, it must be sent early enough so that it is **actually received** by the Clerk of the Bankruptcy Court **on or before August 4, 2005.**

Any creditor or party in interest with questions should contact counsel to the Plan Trustee identified below.

Dated: June _____, 2005

Respectfully submitted,

LEACH TRAVELL, a professional corporation

_/s/Stephen E. Leach_
Stephen E. Leach (Va. Bar No. 20601)
1921 Gallows Road, Suite 425
Vienna, Virginia  22182
Telephone:     (703) 448-5652
Telecopier:    (703) 448-5651
E-Mail:  sleach@leachtravell.com

Co-counsel to the Plan Trustee

Gus H. Small
Georgia Bar No. 653200
Bruce Z. Walker
Ga. State Bar No.  731260
COHEN POLLOCK MERLIN AXELROD
& SMALL, A Professional Corporation
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
Telephone: 770-858-1288

Co-counsel to the Plan Trustee

- 13 -

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

| | |
|---|---|
| AHTNA GOVERNMENT SERVICES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CAPITOL RESOURCE FUNDING, INC. | ) ) |
| Defendant. | ) Case No. 3AN-04-07208 CI ) |

## ORDER GRANTING MOTION TO RECONSIDER
### STAY OF PROCEEDINGS

Plaintiff Ahtna Government Services Corporation (AGSC) has moved the court to reconsider the 12/15/2005 Notice of Stay of Proceedings on Bankruptcy. The court has considered the motion and finding good cause therefore,

IT IS HEREBY Ordered and Decreed that the Motion is Granted, the Notice of Stay of Proceedings on Bankruptcy is vacated and the parties shall proceed with AGSC's Complaint for Declaratory Relief.

DATED: _____        _____

SUPERIOR COURT JUDGE

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99505 - Order Granting Motion to Reconsider Stay of Proceedings
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 1 of 2

Exhibit D Page 31 of __

This is to certify that a true copy of
the foregoing was mailed this 21st day
of December, 2005, to the following:

Herbert A. Viergutz
Barokas Martin & Tomlinson
1029 W. 3rd Ave., Ste. 280
Anchorage, AK 99501

By _____
   Juliana Wood

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

99505 – Order Granting Motion to Reconsider Stay of Proceedings
*AGSC v. Capitol Resource*; Case No. 3AN-04-07208 CI; Page 2 of 2

*Exhibit* D Page 32 of 32