RECEIVED

JAN 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

1  **Barokas Martin & Tomlinson**
   **1029 West Third, Suite 280**
2  **Anchorage, Alaska 99501**
   **Phone: (907) 276-8010**
3  **Fax: (907) 276-5334**
   **Attorneys for Capital Resource Funding,Inc.**
4

5  ## UNITED STATES DISTRICT COURT FOR DISTRICT OF ALASKA

6  AHTNA GOVERNMENT SERVICES CORPORATION,

7          PLAINTIFF(s),

8  v.

9  CAPITAL RESOURCE FUNDING, INC.,

10         DEFENDANT(s).

Case No. 3:06cv 10 JWS

11

12 **MEMORANDUM IN SUPPORT OF DEFENDANT CAPITAL RESOURCE FUNDING,
   INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
13 ALTERNATIVE, TO STAY PENDING RESOLUTION OF PENDING VIRGINIA FEDERAL
   ACTION**

14
                                    **I.**
15
                            **INTRODUCTION**
16
       COMES NOW Defendant Capitol Resource Funding, Inc. ("CRF")[1], by and through
17
    undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), appears
18
    specially and respectfully files this Memorandum in Support of its Motion to Dismiss for
19
    Lack of Personal Jurisdiction or, in the Alternative, to Stay Pending Resolution of Virginia
20
    Federal Action, AHTNA Government Services Corporation's ("AHTNA") Complaint for
21
    Declaratory Judgment.  As grounds therefor, CRF states as follows:
22

23

24
   [1]  CRF appears in this matter in the position of the Liquidation Trustee, Mr. J.W. Rayder, appointed by
25      the U.S. Bankruptcy Court for the Eastern District of Virginia to oversee the approved CRF Liquidation
        Plan.
26
                                      1

1

**Barokas Martin & Tomlinson**
**1029 West Third, Suite 280**
**Anchorage, Alaska 99501**
**Phone: (907) 276-8010**
3  **Fax: (907) 276-5334**
**Attorneys for Capital Resource Funding,Inc.**

4

5

**II.**

6

## SUMMARY OF ARGUMENT

7

In May 2004, AHTNA filed a declaratory judgment against CRF in the Superior Court

8  at Anchorage, Alaska. AHTNA failed to serve its Complaint for Declaratory Judgment or

9  otherwise notify CRF of the Complaint, until November of 2005. During the year and a half

10  between filing and service, Creditors of CRF forced it into involuntary bankruptcy in August

11  of 2005 and a Liquidation Plan was entered in the United States Bankruptcy Court for the

12  Eastern District of Virginia, Alexandria Division, Case No. 04-13620-RGM.

13  The timing of AHTNA's service of its Complaint in the present action is too

14  convenient to be coincidental. It was served immediately after the Liquidation Trustee

brought an action against AHTNA in the United States District Court for the Eastern District

15  of Virginia, Alexandria Division ("Virginia Federal Action"). In addition, service of AHTNA's

16  Complaint was held for more than one year after CRF was forced into bankruptcy, likely

17  attempting to avoid the automatic stay provisions of 11 U.S.C. § 362(a), which prevents

18  pursuing legal action against the Defendant outside of the bankruptcy proceeding without

19  relief from the automatic stay.

20

AHTNA's delay prejudiced CRF. Had the matter been promptly served, or had CRF

21  been notified of the pending claim, it would have been addressed in the ordinary course

22  of the CRF bankruptcy proceedings. AHTNA's hide and lurk tactics force CRF, after the

23  Liquidation Plan has been approved without special consideration of this matter, to

24  undertake legal action in a distant federal jurisdiction.

25

26

2

**Barokas Martin & Tomlinson**
**1029 West Third, Suite 280**
**Anchorage, Alaska 99501**
**Phone: (907) 276-8010**
**Fax: (907) 276-5334**
**Attorneys for Capital Resource Funding,Inc.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Nevertheless, AHTNA's manipulations are in vain because its Complaint for Declaratory Judgment must be dismissed for a lack of personal jurisdiction. Alaska's long-arm statute, at minimum, requires that CRF be a domestic corporation or "[engage] in substantial and not isolated activities of the state, whether the activities are wholly interstate, intrastate, or otherwise..." Alaska Statute § 09.05.015.

AHTNA's action against CRF ignores the requirements of Alaska's long-arm statute and, thus, CRF's right to due process. No contract exists between AHTNA and CRF. CRF is not licensed to transact business in the state of Alaska, nor has it ever sought to avail itself to the laws of Alaska by conducting *any business* within the state. CRF has no direct relationship with AHTNA within the state of Alaska. AHTNA's Complaint for Declaratory Judgment does not allege any contact by CRF with Alaska. The actions, which are the subject of the complaint, occurred in the State of California and the Commonwealth of Virginia where, incidentally, AHTNA is registered to transact business and regularly does transact business.

### III.

### STATEMENT OF FACTS

1.      Capitol Resource Funding ("CRF") was a Virginia Corporation with its principal place of business located in Alexandria, Virginia. At all times relevant hereto, CRF was engaged in the business of factoring or accounts receivable financing.

2.      CRF is not licensed to conduct business in Alaska and does not conduct any business in Alaska.

3

**Barokas Martin & Tomlinson**
**1029 West Third, Suite 280**
**Anchorage, Alaska 99501**
**Phone: (907) 276-8010**
**Fax: (907) 276-5334**
**Attorneys for Capital Resource Funding,Inc.**

3.    AHTNA is an Alaskan Corporation with its principal place of business located at 3003 Minnesota Drive, Suite 310, Anchorage, Alaska 99503. AHTNA is registered to transact business in Virginia, transacts business in Virginia, and regularly transmitted payments and certificates of delivery to CRF in Virginia

4.    On August 26, 2004, certain creditors of CRF filed an involuntary petition under Chapter 7 of the Bankruptcy Code.

5.    On April 5, 2005, the Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. filed a Joint Liquidating Plan of Capitol Resource Funding, Inc. (the "Plan") with the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court").

6.    The Plan, at Section 5.4, provides that "[a]ll Causes of Action shall vest in the CRF Liquidation Trust on the Effective Date, and the Plan Trustee shall have full power and authority, subject to approval by the Committee, to pursue such Causes of Action for the benefit of [CRF's] creditors."

7.    The Bankruptcy Court entered an order affirming the Plan on June 22, 2005, the effective date in accordance with the Plan.

8.    J.W. Rayder was appointed the Plan Trustee of the CRF Liquidation Trust in accordance with the Plan and as approved by the Bankruptcy Court and has full power and authority to pursue this cause of action for the benefit of CRF's creditors.

9.    On or about February 21, 2001, CRF entered into a Purchase and Assignment Agreement ("Agreement") with Management Assistance & Concepts Corporation ("MACC") whereby MACC agreed to sell and CRF agreed to buy, certain accounts receivable. As a

4

1

**Barokas Martin & Tomlinson**
**1029 West Third, Suite 280**
2   **Anchorage, Alaska 99501**
**Phone: (907) 276-8010**
3   **Fax: (907) 276-5334**
**Attorneys for Capital Resource Funding,Inc.**

4

condition of the agreement, MACC granted CRF a security interest in all of its assets and
5
its accounts receivable.
6

7         10.    CRF properly perfected its security agreement in all of MACC's assets and its

8   accounts receivable, including all of the AHTNA accounts receivable, whether or not

9   purchased by CRF under the Agreement.

10        11.    Upon execution of the Agreement, and before purchasing MACC's invoices to

11  AHTNA, CRF notified AHTNA of the Agreement and its perfected security interest in

12  MACC'S accounts receivable.  Specifically, on October 2, 2001 CRF sent to AHTNA by

13  certified mail, return receipt requested, notification that all payments due from AHTNA on

14  MACC invoices were to be sent to CRF and that payment to MACC on the invoice would

15  not discharge AHTNA's debt to CRF (the "Notification").

16        12.    On October 26, 2001, AHTNA through its president and CEO, Christopher P.

17  Smith, acknowledged and accepted the assignment by executing and returning to MACC

18  the Notification.

19        13.    After MACC executed of the Agreement and AHTNA accepted the Notification,

20  MACC performed work for AHTNA and generated invoices for payment of its work.

21        14.    MACC offered CRF to purchase the invoices to AHTNA.

22        15.    Before CRF purchased MACC's invoices to AHTNA, it submitted to AHTNA a

23  Certificate of Delivery for each invoice from MACC.

24        16.    Each Certificate of Delivery asked that AHTNA certify:  (i) that it received the

25  services from MACC covered by each invoice; (ii) the amount of payment due and owing

26  under each invoice; (iii) that payment for the invoice was assigned to CRF; (iv) that AHTNA

5

1
2
3
4

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding,Inc.

would remit payment to CRF; and (v) that payment for the invoice to any party besides
CRF would not constitute payment.

17.    AHTNA executed Certificates of Delivery for each and every MACC invoice to
AHTNA and returned the Certificates of delivery to CRF in Virginia.

18.    In reliance upon AHTNA's signed notifications and the AHTNA executed
Certificates of Delivery, CRF purchased MACC invoices totaling $6,062,127.17 to AHTNA.

19.    AHTNA paid directly to CRF the sum of $1,964,189.69 on MACC invoices as
directed in the Notification and Certificates of Delivery.

20.    In addition, AHTNA improperly made payment to MACC in the amount of at least
$2,486,452.98, contrary to the Notification and Certificates of Delivery.    MACC
subsequently paid this amount over to CRF.

21.    CRF, therefore, received a total of $4,450,642.67 in payments from AHTNA and
MACC out the $6,062,127.17 due and owing to CRF on the AHTNA invoices.

22.    CRF remains unpaid for the difference owing on the invoices.

23.    On March 17, 2004, CRF demanded payment from AHTNA on the outstanding
invoices.

24.    On April 2, 2004, AHTNA issued a letter to CRF stating that it had made
payments "in excess of $3 million directly to MACC for transmittal to CRF" in addition to a
direct payments to CRF exceeding $1,900,000.00.

25.    On May 14, 2004, AHTNA issued additional correspondence to CRF confirming
that the parties were in agreement that AHTNA directly paid CRF an amount of
$1,964,186.69 and further claiming that it directly issued MACC $3,017,297.86 for

6

1

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding,Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

transmittal to CRF, suggesting that CRF should have received payments totaling $4,981,484.55.

26.    AHTNA never notified CRF that it made payments over CRF's assignment and notification until after receiving CRF's March 17, 2004 demand letter.

27.    Despite demand and without any valid excuse or defense, AHTNA failed or refused to pay monies due on the Invoices to CRF.

28.    Regardless of AHTNA's payments to MACC, payment to the assignor after notice will not relieve the accounts debtor's liability to the assignee. See UCC §§ 9-406(a) and 9-607.

29.    CRF has only received payments totaling $4,450,639.67 for the AHTNA invoices.

30.    The total amount due and owing to CRF on the AHTNA invoices purchased by CRF is $1,611,484.50.

31.    After demand by CRF, and in anticipation of CRF legal action, AHTNA filed a declaratory judgment action on May 17, 2004.

32.    The sole purpose AHTNA's declaratory judgment was to obtain a forum advantage after CRF threatened commencement of legal action.

33.    Still unaware of the AHTNA declaratory judgment action, on October 18, 2005, the Plan Trustee filed the Virginia Federal Action against AHTNA for breach of contract to collection $1,611,484 plus costs and reasonable attorneys' fees, in the United States District Court for the Eastern District of Virginia, Case No.: 05cv1251.

34.    Upon information and belief, AHTNA learned of the Virginia Federal Action and then allegedly served its Complaint for Declaratory Judgment on November 15, 2005, by

7

1

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding, Inc.

2

3

4

mailing it to special litigation counsel for the Liquidation Trustee who is identified in the

5

Virginia Federal Action pleadings.

6

35.    On or about December 7, 2005, CRF filed a Suggestion of Bankruptcy as to CRF

7

in the Superior Court at Anchorage, Alaska.

8

36.    On or about December 14, 2005, CRF filed a Notice of Proof of Bankruptcy

9

Filing.

10

37.    On or about December 15, 2005, the Superior Court at Anchorage, Alaska

11

entered a Notice of Stay of Proceedings on Bankruptcy.

12

38.    The December 16, 2005 deadline for removal under 28 U.S.C § 1446(d) was

13

effectively stayed by the Superior Court at Anchorage, Alaska's Notice of Stay of

14

Proceedings on Bankruptcy.

15

39.    AHTNA then filed its Motion to Reconsider Stay of Proceedings on or about

16

December 21, 2005.

17

40.    The Superior Court at Anchorage Alaska ordered CRF to respond to Plaintiff's

18

Motion to Reconsider Proceedings on Bankruptcy Notice on or before January 11, 2006.

19

41.    On or about January 11, 2006, CRF removed action 3AN-04-7208 CI from the

20

Superior Court at Anchorage, Alaska to the United States District Court for Alaska.

21

**IV.**

22

**ARGUMENT**

23

I.    **ALASKA'S LONG-ARM STATUTE REQUIRES SPECIFIC JURISDICTION
ABSENT "SUBSTANTIVE" OR "CONTINUOUS AND SYSTEMATIC CONTACTS"**

24

25

A motion to dismiss for lack of personal jurisdiction brought by a defendant under

26

8

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding,Inc.

Federal Rule of Civil Procedure (F.R.C.P.) 12(b)(2) places the burden of proof on the plaintiff, who must prove by a preponderance of the evidence the grounds for personal jurisdiction. Data Disc Inc. v. Data Sys. Tech Assoc., Inc., 557 F.2d 1280, 1285 (9th. Cir. 1990). A district court may hold an evidentiary hearing to determine whether it has personal jurisdiction over the defendant. Id. In the event that the district court does *not* hold an evidentiary hearing, plaintiff's burden of proof is reduced to a *prima facie* showing of personal jurisdiction. Id.

A district court has the authority to exercise personal jurisdiction over a defendant consistent with the state law in which it sits. Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives, 103 F.3d 388, 893 (9th Cir.1996). The United States District Court for Alaska must rely on Alaska's Code of Civil Procedure, AK ST § 09.05.015, when determining whether it has personal jurisdiction over a defendant to a diversity action. The district court must satisfy two conditions prior to asserting personal jurisdiction over a non-resident defendant: (1) the exercise of jurisdiction by the district court satisfies Alaska's long-arm statute; and (2) the exercise of jurisdiction under the Alaska long-arm statute complies with the due process requirements of the Fourteenth Amendment of the United States Constitution. Jones Enters., Inc. v. Atlas Serv. Corp., 442 F.2d 1136, 1138-1139 (9th Cir. 1971).

The Alaska long-arm statute permits an exercise of personal jurisdiction "to the maximum extent permitted by due process." Morrow v. New Moon Homes, Inc., 548 P.2d 279, 293 (Alaska 1976). The long-arm statute specifically grants a court personal jurisdiction over a non-resident defendant "in an action, whether arising in or out of this

9

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding,Inc.

state, against a defendant who, when the action is commenced…[is] engaged in substantial and not isolated activities in [Alaska], whether the activities are wholly interstate, intrastate, or otherwise." AK ST § 09.05.015(1)(D). Alaska's long-arm statute satisfies the due process standards set forth by the Fourteenth Amendment. Volkwagenwerk v. Klippain, 611 P.2d 498, 500 (Alaska), *cert. denied*, 449 U.S. 974, (1980). The district court's satisfaction of the standards set forth in the Alaska Statute consequently satisfies the additional requirement that its inquiry comport with the Fourteenth Amendment.

Personal jurisdiction includes "general jurisdiction" and "specific jurisdiction." "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Specific jurisdiction, alternatively, relates to the defendant that is neither present nor conducts continuous activities in the state of Alaska. Id. Where the defendant's contacts "are neither "substantial" nor "continuous and systematic", the existence of jurisdiction depends on the nature and quality of those of the defendant's contacts that are related to the cause of action." Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981). The court must approach its analysis of the defendant's contacts as follows: "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction

10

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding, Inc.

must be reasonable." Id. at 1270. "The smaller the element of purposeful interjection by the defendant into the forum, the less is jurisdiction to be anticipated and the less reasonable its exercise." Id. at 1271.

**A.    This Honorable Court Lacks General Jurisdiction Over Defendant CRF Because CRF is Neither Domiciled Nor Engaged in Systematic or Continuous Contacts in Alaska and Thus, Plaintiff's Complaint Herein Shall be Dismissed**

AHTNA does not allege, and cannot demonstrate, any systematic or continuous contacts by CRF in Alaska. Paragraph 3 of AHTNA's Complaint for Declaratory Judgment states that CRF "is a Virginia Corporation with its main offices in Alexandria, Virginia and regional offices located in Los Angeles, California, Washington, D.C., and Chicago, Illinois." AHTNA does not allege any CRF contacts with Alaska because it cannot. In fact, CRF is neither domiciled in the state of Alaska nor licensed to conduct business in the state of Alaska, and never had "systematic and continuous contacts" with the state.

CRF contacts with the state of Alaska, at best, may be described as sporadic. The extent of CRF's contacts with AHTNA are as follows. *First*, CRF notified AHTNA of CRF's purchase of MACC's accounts receivable from AHTNA, and CRF's security interest in MACC'S accounts receivable on **October 1, 2001**. *Second*, CRF submitted to AHTNA a Certificate of Delivery for each invoice from MACC, commencing on **October 26, 2001** (each Certificate of Delivery asked that AHTNA certify that it received the services from MACC covered by each invoice; that the amount of payment due and owing under each invoice; that payment for the invoice was assigned to CRF; that AHTNA would remit payment to CRF; and that payment for the invoice to any party besides CRF would not constitute payment). *Third*, CRF periodically telephoned MACC to determine the status

11

1

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding, Inc.

2

3

4

5  of payments.  All contacts between CRF and AHTNA ended on March 17, 2004, when CRF

6  demanded payment from AHTNA on the outstanding invoices.  Since March 17, 2004,

7  CRF has had absolutely no contacts with AHTNA in Alaska and absolutely no contacts in

8  the state of Alaska.  Accordingly, CRF is not subject to the general jurisdiction of Alaska

9  courts.  AK ST § 09.05.015; *see also* <u>Panavision Intern., L.P. v. Toeppen</u>, *supra* at 1320

10  (9th Cir. 1998).

11  **B.      This Court Does Not Have Specific Jurisdiction Over Defendant CRF Because
           CRF Has Neither Purposefully Availed Itself to Alaska; Plaintiff's Claim Does
12         Not Result from CRF's Forum Related Activities; and the Exercise of
           Jurisdiction Would Be Unreasonable.**

13          CRF's contacts with Alaska, if any, are attenuated and infrequent.  CRF does not

14  meet the criteria for "specific jurisdiction" by having only tangential connections with Alaska.

15  As noted above, specific jurisdiction requires an analysis of the following:  "(1) [t]he

16  nonresident defendant must do some act or consummate some transaction with[in] the

17  forum or perform some act by which he purposefully avails himself of the privilege of

18  conducting activities in the forum, thereby invoking the benefits and protections of its laws;

19  (2) the claim must be one which arises out of or results from the defendant's forum-related

20  activities; and (3) exercise of jurisdiction must be reasonable." <u>Insurance Co. of N. Am.</u>,

21  *supra* at 1270.  CRF neither performed a transaction in Alaska, nor did it perform some act

22  that availed it to the laws of Alaska.  AHTNA's claim for declaratory judgment results from

23  activities engaged in by CRF and MACC within the Commonwealth of Virginia.  Finally, the

24  exercise of jurisdiction over a now-dissolved corporation, with no presence whatsoever in

25  the state of Alaska, would be an unreasonable exercise of jurisdiction.

26

12

1  Barokas Martin & Tomlinson
   1029 West Third, Suite 280
2  Anchorage, Alaska 99501
   Phone: (907) 276-8010
3  Fax: (907) 276-5334
   Attorneys for Capital Resource Funding,Inc.
4

5  **1.    Defendant CRF Neither Acted Nor Consummated Some Transaction Nor Performed Any Act By Which It Purposefully Availed Itself To The Laws of the State of Alaska.**
6

7      CRF consummated a transaction with MACC in Virginia. The result of the transaction

8  vested in CRF the right to receive payments owed to MACC by AHTNA.  Its act of

9  informing AHTNA that monies owed to MACC should be paid to CRF did not avail CRF to

10 the laws of the state of Alaska.  CRF availed itself to the laws of Virginia under the

11 Purchase and Assignment Agreement and to the laws of California, MACC's domicile, by

12 perfecting its security agreement with MACC.

13 **2.    AHTNA's Declaratory Relief Complaint Neither Arises Out of Nor Results From Defendant CRF's Forum-Related Activities.**

14         AHTNA's complaint does not result from activities CRF conducted in the state of

15 Alaska.  The claim filed by AHTNA stems from CRF's agreement with MACC.  The

16 agreement between CRF and MACC was executed in the Commonwealth of Virginia and

17 subject to jurisdiction of Virginia.  In Paragraph 25 of its Complaint, AHTNA asserts that

18 CRF "entered into a contract with an Alaska corporation by virtue of accepting an

19 assignment of MACC's rights and interest in the subcontract, thereby standing in MACC's

20 shoes." AHTNA is wrong.  CRF never took assignments of the MACC subcontract with

21 AHTNA.  Other than AHTNA's bald allegation, there is nothing to support the provision.

22 CRF purchased MACC's right to payment for work it performed for AHTNA and AHTNA

23 merely confirmed to CRF the amounts that were due and owing.  CRF assumed nothing

24 else and entered no contract in Alaska or no other contract with AHTNA.

25         No contract exists between CRF and AHTNA under the laws of Alaska.  At the time

26

                                         13

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334
Attorneys for Capital Resource Funding,Inc.

and presently, CRF and AHTNA were licensed to transact business in the Commonwealth of Virginia. At no time during or around the execution of the CRF and MACC agreement did CRF conduct any activities in the State of Alaska. The extent of CRF's activities, as noted above, included notification by CRF to AHTNA that monies owed to MACC was to be paid to CRF and took place in 2001. AHTNA's claim for declaratory judgment stems from activities related to the transaction in California. Above all, AHTNA's declaratory judgment action seeks a ruling related to the contract and contract rights at issued in the CRF Virginia Federal Action, which has been filed in the Commonwealth of Virginia, where both entities are licensed to transact business.

### 3.    The Exercise of Personal Jurisdiction over CRF is Unreasonable

Above all, the exercise of personal jurisdiction over CRF is unreasonable. "The smaller the element of purposeful interjection by the defendant into the forum, the less is jurisdiction to be anticipated and the less reasonable its exercise." Insurance Co. of N. Am., supra at 1270. CRF has no offices, employees, nor representatives in the state of Alaska. It is not licensed to transact business in the state of Alaska. Outside of its brief contacts with AHTNA, CRF has never availed itself to any other activities with any other entity within the state of Alaska. Further, all documents relating to AHTNA's claim for declaratory judgment lie in the Commonwealth of Virginia, where CRF has instituted a claim against AHTNA in relation to the same issues raised by the claim filed by AHTNA.

### 4.    In the Alternative, Plaintiff AHTNA's Declaratory Relief Action Should Be Stayed Pending Resolution of the Federal Contract Action.

AHTNA's Complaint for Declaratory Judgment was filed in anticipation of the

14

1
2
3
4

**Barokas Martin & Tomlinson**
**1029 West Third, Suite 280**
**Anchorage, Alaska 99501**
**Phone: (907) 276-8010**
**Fax: (907) 276-5334**
**Attorneys for Capital Resource Funding,Inc.**

5
6
7
8
9
10
11
12

pending Federal Contract Action in Virginia and should therefore, in the alternative, must be stayed pending resolution of the federal action. This Court has the discretion to stay this proceeding where a related action is pending elsewhere. Nat'l Chiropractic Mutual Ins. Co. v. John Doe, et al, 23 F.Supp.2d 1109, 1116 (Alaska 1998). Several equitable factors exist "for staying declaratory judgment actions until the proceedings" of the related case "are exhausted." Id. at 1122. These factors include the concern that "such a proceeding would unduly burden [defendant] and improperly allow the [plaintiff] to wrest control of the litigation from the injured party [defendant]." Id.

13
14
15
16
17
18
19
20
21
22
23
24
25
26

In its attempt to obtain declaratory relief, AHTNA seeks to prevent CRF from proceeding with its litigation to recover monies owed by AHTNA. CRF demanded payment from AHTNA in March of 2004. Aware that CRF may file suit in Virginia, AHTNA subsequently filed its Complaint for Declaratory Judgment in Alaska in May of 2004, to avoid a potential action by CRF. Notably, the service of AHTNA's Complaint, filed nearly two years ago, occurred within a month after AHTNA filed its Virginia Federal Action, on October 18, 2005, for breach of contract for the collection $1,611,484 plus costs and reasonable attorneys' fees. Upon information and belief, AHTNA learned of the Virginia Federal Action and then served its Complaint for Declaratory Judgment on November 15, 2005, by mailing it to special litigation counsel for the Liquidation Trustee who is identified in the Virginia Action pleadings, in an attempt to "wrest control of the litigation" from CRF. Id.

15

1    **Barokas Martin & Tomlinson**
     1029 West Third, Suite 280
2    Anchorage, Alaska 99501
     Phone: (907) 276-8010
3    Fax: (907) 276-5334
     Attorneys for Capital Resource Funding,Inc.

4

5 **V.**

6 **CONCLUSION**

7
       For all the above reasons, this Court lacks personal jurisdiction over Defendant
8 CRF.  CRF has ***never*** engaged in any act that availed it to the jurisdiction of the state of
9 Alaska.  In addition, AHTNA's Complaint for Declaratory Judgment fails to assert a claim
     that results from any activity CRF may have had with the state of Alaska.  The exercise
10 of personal jurisdiction over CRF is wholly unreasonable given its complete lack of contacts
11 and business within the state of Alaska.
12
       Alternatively, this Court should stay this action pending resolution of the Virginia
13 Federal Action.  Otherwise, the continuation of this action would effectively assist AHTNA's
14 effort to avoid the Virginia Action.  This Court should therefore not permit AHTNA to
15 proceed with its action for a Declaratory Judgment action herein against CRF.
16
       WHEREFORE, Defendant Capitol Resource Funding, Inc. respectfully requests this
17 Honorable Court to GRANT its motion to dismiss for lack of personal jurisdiction or, in the
18 alternative, to stay this action pending resolution of the Virginia Federal Action against
19 AHTNA.
20
       Dated this ___12___ day of January, 2006
21

22

23       Herbert A. Viergutz,  Alaska Bar No.  8506088

24 **CERTIFICATE OF SERVICE**
     I HEREBY CERTIFY that a true
25 copy of the above was mailed on
     the __12__ day of January, 2006, to:
26

16

1  Barokas Martin & Tomlinson
   1029 West Third, Suite 280
2  Anchorage, Alaska 99501
   Phone: (907) 276-8010
3  Fax: (907) 276-5334
   Attorneys for Capital Resource Funding,Inc.
4
5      Michael C. Geraghty, Esq.
       DeLisio Moran Geraghty & Zobel, P.C.
6      943 West 6th Avenue
       Anchorage, AK 99501-2033
7
   Herbert A. Viergutz
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

                              17