RECEIVED
FEB 07 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| AHTNA GOVERNMENT SERVICES CORPORATION,<br><br>PLAINTIFF(s),<br><br>v.<br><br>CAPITAL RESOURCE FUNDING, INC.,<br><br>DEFENDANT(s). | Case No. ~~3AN-04-7208 CI~~<br>3:06-CV-10 JWS |

### CRF'S REPLY TO AHTNA'S OPPOSITION TO

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW Defendant Capitol Resource Funding ("CRF")[1], by and through undersigned counsel, and pursuant to Alaska Local Civil Rule of Civil Procedure 7.1 (b), appears specially and respectfully files this Reply to AHTNA Government Services Corporation's ("AHTNA") Opposition to CRF's Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition"). As grounds therefor, CRF replies as follows:

**SUMMARY OF REPLY**

AHTNA's Opposition to CRF's Motion to Dismiss for Lack of Personal Jurisdiction misrepresents its relationship with CRF and relies upon non-applicable case law. Specifically, the Alaska Long-Arm statute and related common law does not extend personal jurisdiction over CRF. Further, MACC's contacts with the state of Alaska do cannot be transferred to CRF to establish personal jurisdiction over CRF in the state of Alaska. Finally, the "first-to-file rule" in Virginia and as argued by AHTNA in support of its opposition to CRF's Motion to Dismiss for Lack of Personal Jurisdiction fails to assert

---

[1] CRF appears in this matter in the position of the Liquidation Trustee, Mr. J.W. Rayder, appointed by the U.S. Bankruptcy Court in the Eastern District of Virginia to oversee the approved CRF Liquidation Plan.

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

1

1  essential principles of Virginia law.

## REPLY

### I. AHTNA MISCHARACTERIZES ITS RELATIONSHIP WITH CRF.

**A.  AHTNA's Contacts are with MACC, not CRF.**

AHTNA's argument for personal jurisdiction mischaracterizes the nature of its relationship with CRF. AHTNA argues as if it transacted directly with CRF, in the state of Alaska, to provide services to the Social Services Administration when, in fact, this transaction occurred between AHTNA and Management Assistance and Concepts Corporation ("MACC"). In support of its argument, AHTNA refers to the subcontract between itself and MACC (*See* AHTNA's Opposition, Exhibit A) and an October 21, 2006 letter from MACC to AHTNA (*See* AHTNA's Opposition, Exhibit B).

As to the subcontract, AHTNA overlooks the fact that CRF only received an assignment of AHTNA invoices from MACC, *not* an assignment of the entire *subcontract,* including an Alaska choice-of-law provision, between MACC and AHTNA. *See* AHTNA's Opposition, p. 13. Thus, CRF is not a party to the subcontract relied upon by AHTNA. Furthermore, CRF was neither the addressor nor addressee of the October 21, 2001 letter. The October 2, 2001 letter is addressed to AHTNA from MACC and clearly describes CRF as a "source of financing". In addition, the October 2, 2001 letter provides that AHTNA "will not assert against CRF any defenses or claims that Payor may have against [MACC] with regard to [the] invoices" assigned to CRF by MACC. Despite this clear waiver, AHTNA now seeks to assert the defense of choice of forum from the MACC subcontract against CRF. It has no right to do so.

**B.  No Contract Exists Between AHTNA and CRF.**

AHTNA neither provides this Honorable Court with a direct contract between itself and CRF to its Opposition, nor any other documentation supporting its contention that CRF

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

2

received anything other than AHTNA accounts receivables from MACC. CRF has no direct relationship with AHTNA, no contract with AHTNA, and AHTNA was specifically informed by the October 2, 2001 letter that it could not assert against CRF any claims or defenses that it may have against MACC, with whom AHTNA entered into a subcontract. AHTNA's relationship with CRF is, at best, attenuated and incidental to CRF's relationship with MACC.

## II. AHTNA'S ARGUMENT THAT PERSONAL JURISDICTION OVER CRF EXISTS IS UNSUPPORTED.

### A. The Alaska Long-Arm Statute Does Not Extend to CRF.

Contrary to AHTNA's assertion, this Honorable Court does not have the authority to exercise general jurisdiction over CRF because CRF had no substantial contact with the state of Alaska. CRF's contacts with Alaska were merely to collect funds due to its California client. AHTNA's attempts to stretch this relationship into one supporting jurisdiction are predicated on over-reading the Alaska Long-Arm Statute AS 09.05-015 (a) (5) (D)[2] and *one* Alaska case, Cramer v. Wade, wherein "an out-of-state party receive[ed] funds from an Alaska resident." Cramer v. Wade, 985 P.2d 467, 470 (Alaska 1999), *citing* Kennecorp Mortgage v. First Nat'l Bank, 685 P.2d 1232, 1238 (Alaska 1984). AHTNA's reliance on Cramer is misplaced: Cramer involves facts that are the exact *opposite* of those in the present matter. Namely, in Cramer, the out-of-state creditor "actively solicited" loans from an Alaska resident and subsequently failed to repay loans owed to the Alaska resident. The Alaska plaintiff and out-of-state defendant in Cramer ultimately contracted directly with one another. Upon the defendant's breach of the contract, the Court exercised personal jurisdiction over the out-of-state defendant who received borrowed

---

[2] *See e.g.,* AHTNA's Opposition, p. 10: "AS 09.05.015 (a) (5) (D) provides jurisdiction in an action that "relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the order or direction of the defendant."

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

funds from Alaska and the *Alaska* creditor. Id. at 470. In the present matter, CRF negotiated and contracted with a California corporation to purchase its accounts receivable. It negotiated nothing with AHTNA. In the present matter, an Alaska creditor owes a Virginia creditor. Thus, if this Court accepts AHTNA's interpretation of Cramer and AS 09.05.015 (a) (5) (D), jurisdiction is better placed in the Virginia Courts where CRF, the *debtor*, is located.

**B.    Alaska Common Law Does Not Support Jurisdiction Over CRF.**

AHTNA then turns to Polar Supply v. Steelmaster Industries, Supreme Court No. S-11664, No. 5970 (December 23, 2005); 2005 Alas. Lexis 179 (Alaska 2005), an unpublished case, in support of its argument that CRF purposefully availed itself to the laws of Alaska. AHTNA relies on the Polar holding, which turns on AS 09.05.015 (c) of Alaska's long-arm statue and the quality of contacts between the plaintiff and an out-of-state defendant. Polar Supply v. Steelmaster Industries, at 3. In relying on this section of Alaska's long-arm statute, the Alaska Supreme Court considers essential facts of the Polar case that do *not* exist in the present matter. Namely, the Court takes into consideration the existence of a contract between plaintiff and defendant, the "parties' actual course of dealing", "prior negotiations" and "whether the defendant purposefully established minimum contacts with the forum." Holding that jurisdiction existed, the Court concluded that it "found it particularly significant[that] an out-of-state defendant solicited, initiated, or directly contacted the Alaskan resident." Id. at 4.

AHTNA's application of Polar to the present matter does not apply to the facts and circumstances underlying the AHTNA-CRF actions in this Court and in the United States District Court for the Eastern District of Virginia. First, there is *no* direct contract between CRF and AHTNA. Second, representatives of CRF and AHTNA, unlike the parties in Cramer, *never* met in person to negotiate any contract. Third, CRF and AHTNA never

entered into *any* negotiations whatsoever. Finally, CRF *never*, under any circumstances, "solicited, initiated, or directly contacted" AHTNA for the purposes of entering into an agreement for any product or services with *AHTNA*.

### III. AHTNA'S ARGUMENT THAT CRF'S STATUS AS A NATIONWIDE BUSINESS SUPPORTS THE EXERCISE OF PERSONAL JURISDICTION OVER CRF IS WITHOUT MERIT.

The principal question raised by personal jurisdiction is not the extent to which an individual or corporation conducts business throughout the United States but, rather, the extent to which a particular individual or corporation directs avails itself to the activities of a particular state and the jurisdiction of its courts. *See e.g.,* International Shoe v. State of Washington, 326 U.S. 310, 316 (1945). This Honorable Court should therefore disregard AHTNA's constant references to CRF's contacts with corporations domiciled in other states.

### IV. AHTNA MISSTATES VIRGINIA LAW REGARDING THE "FIRST TO FILE" RULE.

Finally, AHTNA argues against CRF's initial request for a stay of the proceedings in this Honorable Court. In support of its argument, AHTNA relies upon Virginia law and maintains that Virginia follows the "first to file" rule, wherein it allows the first-filed of two parallel matters to proceed. CRF attaches its Memorandum of Law in Support of its Opposition to AHTNA's Motion to Temporarily Stay or Dismiss the Eastern District of Virginia, Alexandria Division, Case No.: 1:05CV1251, as **Exhibit A** and incorporates it herein by reference and in reply to AHTNA's first-to-file argument.

### CONCLUSION

For all of the above reasons, CRF respectfully requests that this Honorable Court grant its Motion to Dismiss for Lack of Personal Jurisdiction and any such further relief it deems appropriate.

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

1  Dated this ___7___ day of February, 2006.

3  _____
   Herbert A. Viergutz, Alaska Bar No. 8506088

7  **CERTIFICATE OF SERVICE**
   I HEREBY CERTIFY that a true
8  copy of the above was mailed on
   the _7_ day of February, 2006 to:

10 Michael G. Geraghty, Esq.
   DeLisio Moran Geraghty & Zobel, P.C.
   943 West 6th Avenue
11 Anchorage, AK 99501-2033

12 _____
   Herbert A. Viergutz

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

6