IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| J.W. RAYDER, as Plan Trustee of the Capitol Resource Funding Liquidation Trust, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 1:OSCV1251 |
| | * | |
| AHTNA GOVERNMENT SERVICES CORP., | * | |
| | * | |
| Defendant. | | |

### RESPONSE TO AHTNA'S MOTION FOR TEMPORARY STAY, OR IN THE ALTERNATIVE, TO DISMISS PROCEEDINGS

Plaintiff J.W. Rayder as the Plan Trustee of the Capitol Resource Funding, Inc. Liquidation Trust ("CRF"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), respectfully files its Response to Defendant AHTNA Government Services Corporation's ("AHTNA") Motion for Temporary Stay, or in the alternative, to Dismiss Proceedings against CRF. Attached and incorporated herewith is a Memorandum in Support of Plaintiff's Response to Defendant's Motion for Temporary Stay, or in the alternative, to Dismiss Proceedings against Plaintiff.

**WHEREFORE,** Plaintiff, J.W. Rayder as the Plan Trustee of the Capitol Resource Funding, Inc. Liquidation Trust, requests that this Court DENY Defendant's Motion for Temporary Stay, or in the Alternative, to Dismiss and to allow this matter to proceed accordingly.

EXHIBIT A

Dated: January 13, 2006

Respectfully submitted,

J.W. Rayder, as Plan Trustee
of the Capitol Resource
Funding Liquidation Trust
By Counsel

_____
Stephen M. Seeger, VSB No.: 40548
QUAGLIANO & SEEGER, P.C.
2620 P Street, NW
Washington D.C. 20007
Tel.: (202) 822-8828
Fax: (202) 822-6982
e-mail: Seeger@quagseeg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Response to Defendant's Motion for Temporary Stay, or in the alternative, to Dismiss was hand delivered on January 13, 2006 to:

> David P. Corrigan, VSB No. 26341
> Harman, Claytor, Corrigan & Wellman
> Innsbrook Corporate Center
> 4951 Lake Brook Drive Suite 100
> Glen Allen, Virginia 23060
> *Counsel for AHTNA Government Services, Corp.*

_____
Stephen M. Seeger

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| J.W. RAYDER, as Plan Trustee of the Capitol Resource Funding Liquidation Trust, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 1:OSCV1251 |
| | * | |
| AHTNA GOVERNMENT SERVICES CORP., | * | |
| | * | |
| Defendant. | | |

### MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO AHTNA'S MOTION FOR TEMPORARY STAY, OR IN THE ALTERNATIVE, TO DISMISS PROCEEDINGS

COMES NOW Plaintiff J.W. Rayder as the Plan Trustee of the Capitol Resource Funding, Inc. Liquidation Trust ("CRF"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), respectfully files this Memorandum in Support of its Response to Defendant AHTNA Government Services Corporation's ("AHTNA") Motion for Temporary Stay, or in the alternative, to Dismiss Proceedings against CRF. As grounds therefore, CRF states as follows:

#### SUMMARY OF ARGUMENT

AHTNA requests this Court to dismiss the present matter ("Virginia Federal Action") or, in the alternative, to stay the Virginia Federal Action, because it first filed an action for declaratory relief in the Superior Court at Anchorage, Alaska, Case No.: 3AN-04-7208 CI ("Declaratory Relief Action"). AHTNA filed its Complaint for Declaratory Relief (**Exhibit 1**) on May 17, 2004 in the Superior Court at Anchorage, Alaska, after

1

receiving a demand for payment on March 17, 2004 **(Exhibit 2)** from CRF pursuant to CRF's Purchase and Assignment Agreement with Management Assistance & Concepts Corporation ("MACC"), whereby CRF purchased and obtained a security interest AHTNA's accounts receivable owing to MACC. AHTNA contacted CRF on May 14, 2004 in response to CRF's ongoing demand for payment via written correspondence and in an attempt resolve the matter. **Exhibit 3**. Upon information and belief, AHTNA anticipated that the matter could not be resolved without legal intervention and therefore filed the Alaska Action a mere *three days* after it contacted CRF to address CRF's continued demand for monies owing and the possibility of legal action by CRF. Notably, AHTNA failed to serve its Complaint for Declaratory Judgment or otherwise notify CRF of the Complaint, until November of 2005. **Exhibit 4**. During the year and a half between filing and service, Creditors of CRF forced it into involuntary bankruptcy in August of 2005 and a Liquidation Plan was entered in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, Case No. 04-13620-RGM. AHTNA served its Complaint immediately after the Liquidation Trustee brought the present action AHTNA ("Virginia Federal Action").

AHTNA relies upon the "abstention doctrine", wherein the federal court may, in its discretion, abstain from hearing an action similar to an action filed in another state court. AHTNA's abstention doctrine deliberately ignores its calculated forum shopping. As detailed below, federal courts give little deference to state declaratory judgment actions filed in anticipation of threatened federal lawsuits.

AHTNA's actions in this regard are particularly egregious. Service of AHTNA's Complaint was held for more than one year after CRF was forced into bankruptcy.

AHTNA thus avoided the automatic stay provisions of 11 U.S.C. § 362(a), which prevents pursuing legal action against the Defendant outside of the bankruptcy proceeding without relief from the automatic stay, and prevented CRF from addressing the AHTNA claim in the ordinary course of its bankruptcy proceeding.

## STATEMENT OF FACTS

### A. PARTIES

1. Capitol Resource Funding ("CRF") was a Virginia Corporation with its principal place of business located in Alexandria, Virginia. At all times relevant hereto, CRF was been engaged in the business of factoring or accounts receivable financing.

2. CRF is not licensed to conduct business in Alaska and does not conduct any business in Alaska.

3. AHTNA is an Alaskan Corporation with its principal place of business located in Anchorage, Alaska. At all times relevant hereto, AHTNA is registered to transact business Virginia, transacts business in Virginia, and regularly transmitted payments and certificates of delivery to CRF.

### B. CRF BANKRUPTCY

4. On August 26, 2004, certain creditors of CRF filed an involuntary petition under Chapter 7 of the Bankruptcy Code.

5. On April 5, 2005, the Official Committee of Unsecured Creditors of Capitol Resource Funding, Inc. filed a Joint Liquidating Plan of Capitol Resource Funding, Inc. (the "Plan") with the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court").

6. The Plan, at Section 5.4, provides that "[a]ll Causes of Action shall vest in the CRF Liquidation Trust on the Effective Date, and the Plan Trustee shall have full power and authority, subject to approval by the Committee, to pursue such Causes of Action for the benefit of [CRF's] creditors."

7. The Bankruptcy Court entered an order affirming the Plan on June 22, 2005, the effective date in accordance with the Plan.

8. J.W. Rayder was appointed the Plan Trustee of the CRF Liquidation Trust in accordance with the Plan and as approved by the Bankruptcy Court and has full power and authority to pursue this cause of action for the benefit of CRF's creditors.

## C. UNDERLYING FACTORING TRANSACTION

9. On or about February 21, 2001, CRF entered into a Purchase and Assignment Agreement ("Agreement") with MACC whereby MACC agreed to sell and CRF agreed to buy, certain accounts receivable. As a condition of the agreement, MACC granted CRF a security interest in all of its assets and its accounts receivable.

10. Upon execution of the Agreement, and before purchasing MACC's invoices to AHTNA, CRF notified AHTNA of the Agreement and its purchase of MACC'S accounts receivable. Specifically, on October 2, 2001 CRF sent to AHTNA by certified mail, return receipt requested, notification that all payments due on MACC invoices were to be sent to CRF and that payment to MACC on the invoice would not discharge its debt (the "Notification").

11. On October 26, 2001, AHTNA through its president and CEO, Christopher P. Smith, acknowledged and accepted the assignment by executing and returning the Notification to CRF in Virginia.

4

6. The Plan, at Section 5.4, provides that "[a]ll Causes of Action shall vest in the CRF Liquidation Trust on the Effective Date, and the Plan Trustee shall have full power and authority, subject to approval by the Committee, to pursue such Causes of Action for the benefit of [CRF's] creditors."

7. The Bankruptcy Court entered an order affirming the Plan on June 22, 2005, the effective date in accordance with the Plan.

8. J.W. Rayder was appointed the Plan Trustee of the CRF Liquidation Trust in accordance with the Plan and as approved by the Bankruptcy Court and has full power and authority to pursue this cause of action for the benefit of CRF's creditors.

## C.   UNDERLYING FACTORING TRANSACTION

9. On or about February 21, 2001, CRF entered into a Purchase and Assignment Agreement ("Agreement") with MACC whereby MACC agreed to sell and CRF agreed to buy, certain accounts receivable. As a condition of the agreement, MACC granted CRF a security interest in all of its assets and its accounts receivable.

10. Upon execution of the Agreement, and before purchasing MACC's invoices to AHTNA, CRF notified AHTNA of the Agreement and its purchase of MACC'S accounts receivable. Specifically, on October 2, 2001 CRF sent to AHTNA by certified mail, return receipt requested, notification that all payments due on MACC invoices were to be sent to CRF and that payment to MACC on the invoice would not discharge its debt (the "Notification").

11. On October 26, 2001, AHTNA through its president and CEO, Christopher P. Smith, acknowledged and accepted the assignment by executing and returning the Notification to CRF in Virginia.

12. After MACC executed of the Agreement and AHTNA accepted the Notification, MACC performed work for AHTNA and generated invoices for payment of its work.

13. MACC offered CRF to purchase the invoices to AHTNA.

14. Before CRF purchased MACC's invoices to AHTNA, it submitted to AHTNA a Certificate of Delivery for each invoice from MACC.

15. Each Certificate of Delivery asked that AHTNA certify: (i) that it received the services from MACC covered by each invoice; (ii) the amount of payment due and owing under each invoice; (iii) that payment for the invoice was assigned to CRF; (iv) that AHTNA would remit payment to CRF; and (v) that payment for the invoice to any party besides CRF would not constitute payment.

16. AHTNA executed Certificates of Delivery for each and every MACC invoice to AHTNA and returned the Certificates of Delivery to CRF in Virginia.

17. In reliance upon AHTNA's signed notifications and the AHTNA executed Certificates of Delivery, CRF purchased MACC invoices totaling $6,062,127.17 to AHTNA.

18. AHTNA paid directly to CRF the sum of $1,964,189.69 on MACC invoices as directed in the Notification and Certificates of Delivery.

19. In addition, AHTNA improperly made payment to MACC in the amount of at least $2,486,452.98, contrary to the Notification and Certificates of Delivery. MACC subsequently paid this amount over to CRF.

20. CRF, therefore, received a total of $4,450,642.67 in payments from AHTNA and MACC out the $6,062,127.17 due and owing to CRF on the AHTNA invoices.

21. CRF remains unpaid for the difference owing on the invoices.

### D. CRF'S DEMANDS FOR PAYMENT FROM AHTNA

22. On March 17, 2004, CRF demanded payment from AHTNA on the outstanding invoices.

23. On April 2, 2004, AHTNA issued a letter to CRF stating that it had made payments "in excess of $3 million directly to MACC for transmittal to CRF" in addition to a direct payment to CRF exceeding $1,900,000.00.

24. On May 14, 2004, AHTNA issued additional correspondence to CRF confirming that the parties were in agreement that AHTNA directly paid CRF an amount of $1,964,186.69 and further claiming that it directly issued MACC $3,017,297.86 for transmittal to CRF, suggesting that CRF should have received payments totaling $4,981,484.55.

25. AHTNA never notified CRF that it made payments over CRF's assignment and notification until after receiving CRF's March 17, 2004 demand letter.

26. Despite demand and without any valid excuse or defense, AHTNA failed or refused to pay monies due on the Invoices to CRF.

27. Regardless of AHTNA's payments to MACC, payment to the assignor after notice will not relieve the accounts debtor's liability to the assignee. See UCC §§ 9-406(a) and 9-607.

28. CRF has only received payments totaling $4,450,639.67 for the AHTNA invoices.

29. The total amount due and owing to CRF on the AHTNA invoices purchased by CRF is $1,611,484.50.

6

### E. LEGAL ACTIONS ON THE FACTORED INVOICES

30. After demand by CRF, and in anticipation of CRF legal action, AHTNA filed a declaratory judgment action in the Superior Court at Anchorage, Alaska, on May 17, 2004.

31. The sole purpose AHTNA's declaratory judgment was to obtain a forum advantage <u>after</u> CRF threatened commencement of legal action.

32. Still unaware of the AHTNA declaratory judgment action, on October 18, 2005, the Plan Trustee filed the Virginia Federal Action against AHTNA for breach of contract to collection $1,611,484 plus costs and reasonable attorneys' fees.

33. On October 18, 2005, the Plan Trustee filed an action against AHTNA for breach of contract to collection $1,611,484 plus costs and reasonable attorneys' fees, in the United States District Court for the Eastern District of Virginia, Case No.: 05cv1251.

34. AHTNA was served with CRF's Summons and Complaint on December 14, 2005.

35. AHTNA's answer to CRF's Complaint was due on January 3, 2006.

36. Plaintiff and Defendant agreed to extend the deadline for Defendant's answer to January 10, 2006.

37. On December 7, 2005, CRF filed a Suggestion of Bankruptcy as to CRF in the Superior Court at Anchorage, Alaska.

38. On December 14, 2005, CRF filed a Notice of Proof of Bankruptcy Filing.

39. On December 15, 2005, the Superior Court at Anchorage, Alaska entered a Notice of Stay of Proceedings on Bankruptcy.

7

40. On January 10, 2006, the deadline for AHTNA to file its answer, AHTNA filed its Motion for a Temporary Stay, or in the alternative, To Dismiss Proceedings.

41. AHTNA did <u>not</u> notice its Motion for hearing.

42. AHTNA did <u>not</u> file its answer to CRF's Complaint, nor did it seek an additional extension from Plaintiff or this Court.

43. On January 11, 2006, under 28 U.S.C. § 1446(d), CRF removed action 3AN-04-7208 from the Superior Court at Anchorage, Alaska to the United States District Court for Alaska.

44. CRF simultaneously filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, to Stay Pending Resolution of the Virginia Federal Action in the United States District Court for the District of Alaska.

## POINTS AND AUTHORITIES

I.  **AHTNA's Motion to Temporarily Stay, or in the Alternative, Dismiss CRF's Action Should be Denied Because AHTNA Inappropriately Filed A Parallel Action in Another Forum in Anticipation of the Present Virginia Federal Action.**

The first court in which a matter is commenced typically exercises jurisdiction over the case when "parallel litigation has been instituted in separate courts." Affinity Memory & Micro, Inc. v. K & Q Enter., Inc., 20 F.Supp.2d 948, 954 (E.D.Va. 1998), *citing* Hop-In Food Stores, Inc. v. S&D Cofee, Inc., 642 F.Supp. 1106, 1107 (W.D.Va. 1986). However, the "first to file" rule "is not to be applied mechanically..." or automatically without consideration of the motivation behind the first-filed action. Id. "[W]hen a declaratory judgment suit is filed simply in anticipation of another parallel

8

suit, courts have often dismissed the first suit as an improper effort to "forum shop."[1] Hop-In Food Stores, Inc., *supra* at 1107. The commencement of a declaratory judgment action should not be treated as "a prize to the winner of a race to the courthouses." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (S.D.N.Y. 1978), *quoting* Perez v. Ledesma, 401 U.S. 82, 119 n. 12.

In Yoder v. Heinhold, 630 F.Supp. 756, this Court declined to transfer, stay, or dismiss an action brought by a plaintiff where the defendant brought a declaratory judgment action in another forum "in apparent anticipation of a suit" in Virginia. Id. at 760 (E.D.Va. 1986). The plaintiff in Yoder issued a demand letter to the defendant and threatened to otherwise institute legal action if not paid. *Four* days after receipt of the demand, the defendant commenced an action for declaratory relief in Illinois. Id. Plaintiff learned of defendant's action and subsequently filed its substantive action in the Eastern District of Virginia. Id. This Court found that "[t]here can be little doubt that [defendant's] declaratory action was filed in anticipation of the plaintiff bringing suit in the Eastern District of Virginia," and allowed the plaintiff to proceed with its Virginia action. Id. at 761.

In Hop-In Food Stores, Inc., a plaintiff filed an action for declaratory relief in the United States District Court for the Western District of Virginia before the defendant commenced its substantive action in the Middle District of North Carolina. Id. at 1107.

---

[1] The law in this District is not unique – it is well settled that such forum shopping is not countenanced. *See, e.g.,* Pacific Employees Ins. Co. v. M/V Captain W.D. Cargrill, 751 F.2d 801 (5th cir. 1985); Ven-Fuel v. Dept. of Treasury, 673 F.2d 1194 (11th Cir. 1982); Mission Insur. Co. v. Puritan Fashions Corp., 673 F.2d 1194 (11th Cir. 1982); Factors Etc., Inc. v. Pro Arts, Inc. 579 F.2d 215 (2d Cir. 1978), *cert. denied* 440 U.S. 908 (1979); Columbia Pictures Industries, Inc. v. Schneider, 435 F.Supp. 742 (S.D.N.Y. 1977); Amerada Petroleum Corp. v. Marshall, 381 F.2d 661 (5th Cir. 1967), *cert. denied*, 389 U.S. 1039 (1968).

9

The Western District dismissed the Virginia action on the grounds that plaintiff's "declaratory judgment suit [was] filed simply in anticipation of" the North Carolina action. Id. Like AHTNA, the Hop-In Food Stores plaintiff filed its declaratory relief complaint and delayed service of its action until *after* it received notice that the defendant had initiated legal action in North Carolina. Id.

AHTNA engaged in behavior mirroring the Hop-In plaintiff and the Yoder defendant. It received a demand from payment from CRF on March 17, 2004. When resolution of matter with CRF appeared unlikely and AHTNA's May 14, 2004, correspondence failed to discourage CRF from seeking repayment, AHTNA filed its Declaratory Relief Action *three* days after its May 14th to CRF. *Then*, AHTNA waited to serve its action rather than immediately exercising its rights. Only when CRF filed the Virginia Federal Action did AHTNA decide to reveal that it had filed an action for declaratory relief nearly two years earlier.

## II. AHTNA's Reliance on the "Abstention" Doctrine Is Misplaced In Light of the Pending Declaratory Relief Action in the United States District Court for the District of Alaska.

AHTNA attempts to disguise its forum shopping by relying on the "abstention argument" as set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). AHTNA's abstention argument does not apply to the instant action. The abstention doctrine applies when one action is commenced in a state court and a related action is filed in a federal district court. Colorado River Water Conservation Dist., *supra* at 813. On January 11, 2006, AHTNA's Declaratory Relief Action was removed from the Superior Court at Anchorage, Alaska to the United States District Court for the District of Alaska. The abstention doctrine, therefore, does not require this Court to

10

determine whether it must abstain from a parallel *state* action since such state action no longer exists. Accordingly, the proper standard is that which is relied upon in Hop-In Food Stores, Inc., *supra,* and other cases as discussed above.[2]

## CONCLUSION

The timing of AHTNA's service of its Complaint in the Alaska State Action is too convenient to be coincidental. CRF's demand letter prompted AHTNA to commence its Declaratory Relief Action in Alaska. AHTNA therefore raced to the Superior Court at Anchorage, Alaska in an effort to improperly secure a forum just three days after sending correspondence to CRF in Virginia. Then, when faced with the reality of pending litigation in this jurisdiction, AHTNA decided to serve its Declaratory Relief Action to CRF, and later filed its Motion to Stay, or in the alternative, Dismiss in an effort to limit CRF's ability to recover what is owed to it by AHTNA and to proceed in the forum it improperly sought.

For all of the above reasons, Plaintiff respectfully respects this Honorable Court deny Defendant's Motion to Temporarily Stay, or in the Alternative, Dismiss and allow this case to proceed in the United States District Court for the Eastern District of Virginia.

Dated: January 13, 2006           Respectfully submitted,

                                          J.W. Rayder, as Plan Trustee of the
                                          Capitol Resource Funding Liquidation Trust
                                          By Counsel

---

[2] Assuming *arguendo* that the abstention doctrine is applicable and AHTNA's declaratory relief complaint was filed in anticipation of this action, the considerations under the abstention doctrine should be given little, if any, weight. *See* Perez v. Ledesma, 401 U.S. U.S. 82, 119 n. 12. (1971) ("[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses." (Brennan J., dissenting); Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, S.D.N.Y. 1978).

11

_____
Stephen M. Seeger, VSB No.: 40548
QUAGLIANO & SEEGER, P.C.
2620 P Street, NW
Washington D.C. 20007
Tel.: (202) 822-8828
Fax: (202) 822-6982
e-mail: Seeger@quagseeg.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Memorandum in Support of Plaintiff's Response to Defendant's Motion for Temporary Stay, or in the alternative, To Dismiss was hand delivered on January 13, 2006 to:

>David P. Corrigan, VSB No. 26341
>Harman, Claytor, Corrigan & Wellman
>Innsbrook Corporate Center
>4951 Lake Brook Drive Suite 100
>Glen Allen, Virginia 23060
>*Counsel for AHTNA Government Services, Corp.*

_____
Stephen M. Seeger

12