**MINUTES OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

***Ahtna Government Services v. Capitol Resource Funding, Inc.***

THE HONORABLE JOHN W. SEDWICK                          3:06-cv-010 JWS

PROCEEDINGS:            **ORDER FROM CHAMBERS**            February 13, 2006

On February 10, 2006, in a motion filed at docket 13, plaintiff asked this court to expedite oral argument on defendants' motion to stay or dismiss which was filed at docket 2 and as to which briefing has just been completed.  The only reason given in the motion papers and in the supporting affidavit at docket 14 is that an answer to a parallel case in Virginia  will have to be filed by plaintiff on February 21, 2006.  Of course, what plaintiff is really seeking is a ruling on the motion at docket 2 prior to February 21, 2006.

It may be noted that the Virginia  case may be the one where the parties' dispute is litigated.  If that is so, plaintiff's preparation and filing of an answer in that litigation is certainly not a wasted effort.  On the other hand, it could be that the court which eventually resolves the dispute will be this court.  If that is so, then filing of an answer on February 21, 2006, in Virginia will cause plaintiff to incur a modest expense in connection with a dispute which appears to involve several million dollars.  The only way to avoid that modest expense is to obtain a ruling on what a preliminary examination suggests is a fairly difficult motion at docket 2.

Plaintiff filed the original complaint in the case at bar in May of 2004 (in state court prior to removal to this court), but it appears plaintiff neglected to serve the complaint until November of 2005.  Thus, plaintiff's need to now respond to the parallel suit filed much later in Virginia could easily have been avoided by plaintiff.   More to the point, while, as suggested by plaintiff, expediting consideration of the motion at docket 2 might not prejudice defendant in this case, making time to do so certainly would have a negative impact on other litigants in other lawsuits whose problems have been in this court's inventory of issues to resolve for considerably longer than the motion at docket 2. Under the circumstances, there is inadequate reason for this court to drop the other matters which occupy its time in order to resolve a fairly complicated motion prior to February 21, 2006.   To do so would be a poor use of judicial resources, and unfair to others seeking relief in this court.

For the reasons above, the motion at docket 13 is **DENIED**.  The court will resolve the motion at docket 2 in due course.