UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **AHTNA GOVERNMENT SERVICES, CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | 3:06-cv-00010 JWS |
| vs. | ) ) | **ORDER FROM CHAMBERS** |
| **CAPITOL RESOURCE FUNDING, INC.,** | ) ) ) | [Re:  Motions at Docs. 2 and 12] |
| Defendant. | ) ) ) | |

**I.  MOTIONS PRESENTED**

At docket two, Capitol Resource Funding, Inc., ("CRF") moves to dismiss or, in the alternative, to stay this action. At docket 8, Ahtna Government Services Corporation ("AGSC") opposes CRF's motion. At docket 10, CRF has filed a reply in support of its motion. At docket 12, AGSC moves for oral argument. Oral argument would not assist the court, and so the motion at docket 12 will denied.

**II. BACKGROUND**

This dispute is about CRF's entitlement to AGSC's money. The source of CRF's alleged entitlement is hotly disputed, and the court expresses no opinion on it. Suffice it to say the source may be an agreement CRF entered with Management Assistance & Concepts Corporation ("MACC") in February of 2001. Under that agreement, MACC purportedly conveyed rights to its past and future accounts receivable to CRF. Later, one of those accounts was created when MACC entered a subcontract with AGSC in

which it agreed to perform some of the work AGSC committed to do for the Social Security Administration. CRF claims it is entitled to $1,611,484.50 worth of invoices MACC allegedly submitted to AGSC under their subcontract.[1]

On May 17, 2004, AGSC filed a complaint for declaratory relief against CRF in Alaska superior court, seeking "a judgment declaring that it is entitled to assert against [CRF] any defenses and set-offs it may have against MACC."[2] It did not serve the complaint on CRF until November of 2005. In the meantime, CRF entered bankruptcy proceedings in Virginia, which resulted in the bankruptcy court affirming CRF's liquidation plan and appointing a trustee. On October 18, 2005, the trustee filed a breach-of-contract action against AGSC in the United States District Court for the Eastern District of Virginia, claiming $1,611,484 in damages.[3] The trustee served the summons and complaint on AGSC on December 16, 2005.

### III.  DISCUSSION

AGSC seeks declaratory relief under Alaska's declaratory judgment statute, which provides that a court "*may* declare the rights and legal relations of an interested party seeking the declaration."[4] Because the statute is couched in permissive terms, the court has discretion to decline to declare AGSC's rights and legal relations.[5] For the following reasons, the court declines to make such a declaration.

First, the parties' briefing inadequately addresses the preliminary question the court must answer before it can make any declaration: whether it may exercise personal jurisdiction over CRF. Jurisdiction likely would depend on the extent to which CRF has

---

[1] Doc. 2, p. 7, ¶ 30. In its opposition, AGSC represents CRF's claim is for $1,605,494.45. Doc. 8, p. 8, ¶ 16. The conflict between the parties' representations about the amount of CRF's claim is irrelevant to the court's disposition of the pending motions.

[2] Doc. 1, ex. A, p. 9, ¶¶ 1-2.

[3] Doc. 2, p. 7, ¶ 33.

[4] ALASKA STAT. § 22.10.020(g) (emphasis added).

[5] *Lowell v. Hayes*, 117 P.3d 745, 755 (Alaska 2005) (citing *Jefferson v. Asplund*, 458 P.2d 995, 997-98 (Alaska 1969)).

assumed MACC's rights and responsibilities under its subcontract with AGSC.[6]  That is not a simple question, yet the parties have not submitted some of the documents necessary to resolving it, such as a copy of CRF and MACC's agreement.  Neither have they, in the court's view thoroughly discussed the legal issues involved.  The parties' failure to adequately address the preliminary issue of jurisdiction leaves the court disinclined to exercise discretion in favor of proceeding with this declaratory judgment action.

Second, there is another forum in which AGCS may obtain answers to the questions it raises here.  Presently stayed in a federal district court in Virginia is a breach-of-contract action by the trustee of CRF's liquidation plan against AGSC.  The similarity between that action and this one in terms of parties and subject matter suggests AGSC, MACC, and CRF's relationship will be explored there, as it would be here.  The Virginia forum, unlike the forum here in Alaska, is one in which the parties apparently agree they are subject to the personal jurisdiction. [7]

Third, were this court to consider AGSC's complaint, it likely would have to address two thorny preliminary issues that could be entirely avoided in the Virginia action.  According to CRF's counsel, CRF has been dissolved,[8] and that fact raises at least two questions: 1) is CRF a proper defendant under Federal Rule of Civil Procedure 17(b), and 2) must the trustee of CRF's liquidation plan be joined under Rule 19?  Those questions will not arise in Virginia, because CRF is not a defendant in, and the trustee already is a party to, the action there.[9]

---

[6] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there").

[7] AGSC has filed a motion to dismiss in the Virginia action, but on the ground of abstention, not an absence of personal jurisdiction.  Doc. 10, ex. A, pp. 1-2.

[8] Doc. 2, p. 12.

[9] A different joinder issue could arise in Virginia by virtue of MACC's absence from that action, but that could happen here, too, because MACC is not a party to the litigation in this forum either.

Fourth, fairness favors declining to declare AGSC's rights in this court. AGSC can litigate the substance of its position in Virginia, where it has not contested jurisdiction. If the parties' rights were made the subject of a declaratory judgment action here in Alaska, then CRF would have to come to this forum, where it denies jurisdiction exists, and would have to address many of the issues pertinent to the substantive dispute, in an attempt to show that it should not have to address those issues here.

## IV.  CONCLUSION

For the reasons set out above, AGSC's complaint is **DISMISSED** without prejudice, the motion at docket 2 is **DENIED** as moot, and the motion at docket 12 is **DENIED**.

DATED at Anchorage, Alaska, this 9th day of May 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE