IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AHTNA GOVERNMENT SERVICES          )
CORPORATION,                       )
                                   )
                Plaintiff,         )
                                   )
v.                                 )
                                   )
CAPITAL RESOURCE FUNDING, INC.,    )
                                   )
                Defendant.         ) Case No.: 3:06-cv-00010 JWS
_____ )

## MOTION FOR RECONSIDERATION

**I.   INTRODUCTION**

AHTNA Government Services Corporation ("AGSC"), by and through its counsel, and pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), respectfully moves this Court to reconsider its Order Dismissing AGSC's Complaint, without oral argument, and declining to exercise jurisdiction to declare AGSC's rights under the Subcontract Agreement, and to provide a full accounting of all funds received from MACC or AGSC related to the Subcontract Agreement.

As discussed below, the Court may have inadvertently dismissed this action when it was actually required to exercise jurisdiction over the claim. In addition, the Court seems to believe that AGSC has consented to jurisdiction in Virginia, which is not the case.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

102813v2 – *Motion for Reconsideration*
*AGSC v. Capital Resource Funding; Case No.: 3:06-cv-00010 JWS; Page 1 of 9*

## II.  DISCUSSION

### A.  Timeline of Current Litigation

On **May 17, 2004**, AGSC filed a Complaint for Declaratory Relief coupled with a request that the Court order Capital Resource Funding, Inc. ("CRF"), to provide a full accounting of all funds received and applied, from AGSC and Management Assistance & Concepts Corporation ("MACC") while the Subcontract Agreement was in effect.   This action was filed in Alaska Superior Court for the Third Judicial District at Anchorage. CRF was served with the summons and complaint in December 2005.

On **October 28, 2005**, the bankruptcy plan trustee for CRF filed suit against AGSC in the United States District Court for the Eastern District of Virginia.   On **January 10, 2006**, AGSC filed a Motion for Temporary Stay or, in the alternative, Motion to Dismiss the Virginia action.

On **January 11, 2006**, CRF removed this matter from Alaska Superior Court to United States District Court, District of Alaska.

On **February 13, 2006**, the Virginia Court granted AGSC's Motion for Stay and concluded that the Alaska Court should make a determination on jurisdiction.   The Virginia Court stated that:

> Alaska law will most likely govern the dispute.  AGSC is an Alaska corporation, located in Alaska.  CRF is a national enterprise, which chose not to litigate this

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

matter in its own bankruptcy matter. Even though the Alaska matter is at this stage merely a declaratory action, this Court has little doubt that CRF can easily recover with additional filings in the Alaska court. Finally, and most importantly, this dispute was first filed in Alaska. While acknowledging that the first-to-file rule is not to be applied mechanically, there are no compelling circumstances to depart from it in this case.[1]

## B.    Jurisdiction of Virginia Court

In the Court's Order dismissing AGSC's complaint, the Court observes that "the Virginia forum, unlike the forum here in Alaska, is one in which the parties apparently agree they are subject to the personal jurisdiction." The court goes on to say that "AGSC can litigate the substance of its position in Virginia, where it has not contested jurisdiction."

However, AGSC has not consented to the jurisdiction of the Virginia court, and has denied that Virginia is the proper forum to litigate this matter. The only action AGSC has taken in Virginia was filing its Motion for Stay, or in the alternative Motion to Dismiss. As of today's date, AGSC has yet to file an Answer to CRF's complaint because the Virginia Court properly stayed the matter. Therefore, AGSC is of firm view that it has not conceded jurisdiction in Virginia. In this Court's order, the Court denied AGSC's motion, in part, because it believed that the parties had agreed that Virginia in fact has

---

[1]  Memorandum Opinion Issued by District Court for the Eastern District of Virginia on February 13, 2006, pg. 6.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

jurisdiction.  In point of fact, AGSC contests jurisdiction in Virginia and it respectfully submits this Court erred in dismissing its claim on the mistaken premise that AGSC consents to jurisdiction in Virginia.

**C.**  **The Alaska Court is Required to Exercise Jurisdiction Over This Matter; Jurisdiction is Not Discretionary**

In its Order, the Court states that because the declaratory judgment statute is couched in permissive terms, the court has the discretion to decline to declare AGSC's rights and legal relations. This most certainly would be the case if AGSC's complaint did not also contain an additional, independent claim for an accounting.

The Ninth Circuit Court of Appeals has generally applied the principle that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."[2] Instead, "the appropriate inquiry for a district court in a Declaratory Judgment Act[3] case is to determine whether there are claims in the case that exist independent of any request for

---

[2] *Government Employees Insurance Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1996); *See also Maryland Cas. Co. v. Knight,* 96 F.3d 1284 (9th Cir. 1996); *Snodgrass v. Provident Life and Acc. Ins. Co.,* 147 F.3d 1163 (9th Cir. 1998).

[3] The Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. contains similar language as A.S. 22.10.020(g), which the Court cites in its dismissal order.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

purely declaratory relief; that is, claims that would continue to exist if the request for a declaration simply dropped from the case."[4]

In the case at hand, the Court may have overlooked the fact that AGSC was not only seeking declaratory relief, but also asserted a claim for an accounting. AGSC asked this Court to order CRF to provide an accounting of all funds received and applied, from AGSC and MACC while the Subcontract Agreement was in effect.[5]

There is no dispute that under the Declaratory Judgment Act, a district court may use its discretion to determine whether to exercise jurisdiction. However, the Ninth Circuit has established that when a claim for declaratory relief is paired with an independent claim, the district court is required to exercise its jurisdiction. Because AGSC's claim for declaratory relief is coupled with an additional independent claim for accounting, ASCG believes reconsideration of the Court's Dismissal Order is warranted.

### D.    Order of Virginia Court and First-To-File Rule

The Fourth Circuit has embraced the first-to-file rule, which instructs that if a Court is faced with parallel

---

[4] *United National Insurance Company v. Travelers Casualty and Surety Company*, 242 F.3d 1102, 1112 (9th Cir. 2001)(quoting *Snodgrass*, 147 F.3d at 1167-68)).
[5] *See* Defendant's Notice of Removal of Civil Action filed on January 11, 2006, Exhibit A - Plaintiff's Complaint filed in Anchorage Superior Court.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

litigation, it should give "priority to the first suit absent a showing of a balance of convenience in favor of the second."[6] When applying the first-to-file rule, the Virginia courts have noted that "when a state action is removed to federal court, for first-to-file purposes, the state court filing date is the date used."[7]

The Virginia Court felt that Alaska law would most likely govern this dispute based upon the fact that AGSC is an Alaska corporation and CFR was a national enterprise.  In its order, the Virginia Court stated, "Finally, and most importantly, this dispute was first filed in Alaska.  While acknowledging that the first-to-file rule is not to be applied mechanically, there are no compelling circumstances to depart from it in this case."[8]

The Virginia Court felt that Alaska was a proper forum and deferred to its judgment based upon the residency of the litigants, the stage of progress in the litigations, and the fact that the case was first filed in Alaska.  AGSC respectfully moves this Court to reconsider its Order of Dismissal and follow the reasoning laid out by the Virginia Court in its decision to send the case back to Alaska.

---

[6] *Learning Network, Inc. v. Discovery Communs., Inc.,* 11 Fed. Appx. 297, 300-301 (4th Cir. 2001).
[7] *Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.,* 20 F.Supp. 2d 948, 954 n.10 (E.D. Va. 1998).
[8] Memorandum Opinion Issued by District Court for the Eastern District of Virginia on February 13, 2006, pg. 6.

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

102813v2 - *Motion for Reconsideration*
*AGSC v. Capital Resource Funding; Case No.: 3:06-cv-00010 JWS; Page 6 of 9*

**E.    Personal Jurisdiction in Alaska**

In the Order Dismissing AGSC's claim, the Court states that it is unwilling to hear this case because, "the parties' briefing inadequately addresses the preliminary question the court must answer before it can make any declaration: whether it may exercise personal jurisdiction over CRF." The Court went on to say that it did not receive documents from the parties which it deemed necessary to resolve this issue, namely a copy of the loan agreement between CRF and MACC.

AGSC respectfully disagrees with the Court's finding that the parties' briefing concerning personal jurisdiction was inadequate. In addition to the briefing filed by defendant, AGSC filed its Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction on January 27, 2006. This pleading was 18 pages in length and provided an in-depth analysis and support for AGSC's position that personal jurisdiction over CRF was appropriate. AGSC directs the Court's attention to its Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction filed with Court on January 27, 2006.

In addition, AGSC is herewith providing the Court a copy of the loan agreement entered into between CRF and MACC. ACSG did not furnish a copy of this agreement because it did not appear to be relevant to the issues before this Court. However, AGSC

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033

(907) 279-9574

did provide the Court a copy of the contract entered into between AGSC and MACC.[9]    This contract appeared to be more relevant because it was the original contract that was subsequently assigned to CRF, and it contained all of the original performance terms, including the choice of law provision requiring disputes arising under the contract – and it is that contract which has been assigned to CRF.

**III. CONCLUSION**

Based upon the reasons stated above, AGSC respectfully requests that this Court reconsider its Order Dismissing AGSC's claim for declaratory relief and accounting.

DATED this 19th day of May, 2006, at Anchorage, Alaska.

DeLISIO MORAN GERAGHTY & ZOBEL, P.C.
Attorneys for George E. Goerig

/s/ Michael C. Geraghty
By: _____
Michael C. Geraghty
Bar No. 7811097
E-Mail: mgeraghty@dmgz.com
Adolf V. Zeman
Bar No. 0411082
E-Mail: azeman@dmgz.com
943 West 6th Avenue
Anchorage, Alaska 99501
Telephone: (907) 279-9574
Facsimile: (907) 276-4231

DeLISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

---

[9] Exhibit A to AGSC's Affidavit of Counsel filed on January 26, 2006.

102813v2 – *Motion for Reconsideration*
*AGSC v. Capital Resource Funding; Case No.: 3:06-cv-00010 JWS; Page 8 of 9*

This is to certify that a true copy of
the foregoing was served via electronic
service or U.S. Mail this 19th day of
May, 2006, to the following:

Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 W. 3rd, Ste. 280
Anchorage, AK 99501


     /s/ Juliana Wood
By _____
     Juliana Wood

DeLisio Moran
Geraghty & Zobel, P.C.

943 West 6th Avenue
Anchorage, Alaska
99501-2033
____

(907) 279-9574

102813v2 – *Motion for Reconsideration*
*AGSC v. Capital Resource Funding; Case No.: 3:06-cv-00010 JWS; Page 9 of 9*