**EXHIBIT A - PART 3 OF 3 (pages 21-31)**
**AGSC MOTION FOR RECONSIDERATION**
**CASE NO. 3:06-CV-00010 JWS**

"**Be It Further Resolved**, that the officers of this Corporation, or any of them, are hereby authorized and directed, from time to time, on behalf of this Corporation, to execute any contracts of suretyship and/or guaranty or any other instruments which will guarantee to CRF, or to any other person, partnership, corporation, or other entity, payment of any obligation and full performance of all other undertakings of any person, partnership, corporation, or other entity, as may be required or deemed by the officers of this Corporation, or any of them, necessary or desirable in order to effect the accomplishment of any financial transactions in which this Corporation has a direct interest or otherwise, including any agreement with regard to assignment of Accounts, advance, over-advance, instrument of title, instrument of lien, instrument creating security interest, leases of personal or real property or any other obligation or contractual undertaking.

"**Be It Further Resolved**, that the officers of this Corporation, or any of them, are further authorized and directed, from time to time, on behalf of this Corporation, to secure any such sales of Accounts, loans, advances, over-advances, or sums payable under agreements, guarantees and/or suretyship undertakings, or other obligations to CRF however arising, by pledging, or by granting full lien rights and full security title and security interest in and to any and all of the assets of this Corporation, both real and personal, and such officers are authorized to execute any and all instruments necessary or desired by CRF in any manner as may now or hereafter be recognized by the laws of the United States or any state, or of any foreign state.

"**Be It Further Resolved**, that the officers of this Corporation, or any of them, are further authorized and directed, from time to time, on behalf of this Corporation, to grant to CRF such irrevocable power of attorney as may be requested from time to time by CRF.

"**Be It Further Resolved**, that any such officers of this Corporation be and are hereby authorized and directed, on behalf of this Corporation to do such other things and to execute such other documents as may be necessary and proper to effect the foregoing transactions including the execution of financing statements and such other notices or instruments as may be necessary or requested by CRF.

"**Be It Further Resolved**, that all acts and deeds of any officer of this Corporation heretofore or hereafter performed on behalf of this Corporation in entering into, executing, performing, carrying out, or otherwise pertaining to the arrangements and intentions authorized by these resolutions are hereby ratified, approved, confirmed, and declared binding upon this Corporation.

"**Be It Further Resolved**, that the Secretary shall certify to CRF the names of the presently duly elected and qualified officers of this Corporation and shall from time to time hereafter as changes in the personnel of said officers are made, immediately certify such changes to CRF, and CRF shall be fully protected in relying on such certifications of the Secretary and shall be indemnified and saved harmless from any claims, demands, expenses, loss or damage resulting from or growing out of honoring the signature of any officer so certified or for refusing to honor any signature not so certified.

"**Be It Further Resolved**, that the foregoing resolutions shall remain in full force and effect until written notice of their amendment or rescission shall have been received by CRF and that receipt of such notice shall not effect any action taken by CRF prior thereto.

"**Be It Further Resolved**, that the Secretary be, and (s)he is hereby authorized and directed to certify to CRF the foregoing resolutions and that the provisions thereof are in accordance with the provisions of law, the Articles of Incorporation and the By-Laws of this Corporation."

EXHIBIT _A_
PAGE _21_ OF _31_

I, the undersigned, certify that I am President of <u>Management Assistance & Concepts Corpora</u>, a corporation of the State of <u>CA</u>, with its registered office at _____

and principal place of business and chief executive offices at <u>203-A   CALLE DEL OAKS, Monterey  CA  93940</u>.

I further certify that the foregoing is a true and correct copy of resolutions adopted by the Board of Directors of said Corporation at a meeting duly held on the <u>21</u> day of _____<u>FEB</u>_____, 20<u>01</u>, in accordance with the provisions of law, the Articles of Incorporation and the By-Laws of this Corporation, and that such resolutions are now in full force and effect.

I further certify that the following are the names and official signatures of the present officers of this Corporation:

| Name | Title | Signature |
|---|---|---|
| <u>KATHLEEN C. ROBISON</u> | President | |
| | Vice President | |
| <u>M. P. CRISTATI</u> | Secretary | |
| | Treasurer | |
| | Assistant Treasurer | |
| | Assistant Secretary | |

**In Witness Whereof,** I have hereunto subscribed my name and affixed the seal of this Corporation this <u>21</u> day of ____<u>FEB</u>____, 20 <u>01</u>

By: _____                            [Corporate Seal]

Printed Name: <u>KATHLEEN  C ROBISON</u>

Title: <u>PRESIDENT</u>

<u>**Certificate of Notary Public**</u>

In the State of <u>California</u>

County of <u>Monterey</u>, to wit;

This the <u>21st</u> day of <u>February</u>, 2001, <u>Kathleen C. Robison</u>, who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that (s)he was executing this document as Secretary of the above mentioned Corporation for the purposes contained therein.

In witness thereof, I hereunder set my hand.

<u>Michael J Mendenhall</u>
Notary Public                                                    SEAL

My commission expires: <u>April 12, 2004</u>

Page 3

MICHAEL J. MENDENHALL
Comm. # 1256825
NOTARY PUBLIC-CALIFORNIA
Monterey County
My Comm. Expires April 12, 2004

EXHIBIT <u>A</u>
PAGE <u>22</u> OF <u>31</u>

## CROSS COLLATERAL AGREEMENT AND RELEASE

This Cross Collateral Agreement And Release, effective as of this the 2/ day of FEB , 2001, is by and among Capitol Resource Funding, Inc., a Virginia corporation with its principal place of business in Alexandria, Virginia, ("CRF"), Management Assistance and Concepts Corporation("MACC NEWCO"), a West Virginia corporation and Management Assistance and Concepts Corporation ("MACC OLDCO"), a Maryland Corporation.

WHEREAS, CRF and MACC OLDCO executed a Purchase and Assignment Agreement, dated the 19th day of June, 1998, which agreement was in effect as of the 11th day of January, 1993, as may be amended from time to time, (the "MACC OLDCO Agreement"), pursuant to which MACC OLDCO sold to CRF all of MACC OLDCO's rights, title and interest in and to certain accounts receivable.

WHEREAS, CRF and MACC NEWCO entered into a Purchase and Assignment Agreement, dated the 21 day of FEB , 2001, as may be amended from time to time, (the "MACC NEWCO Agreement"), pursuant to which MACC NEWCO sold to CRF all of MACC NEWCO's rights, title and interest in and to certain accounts receivable.

NOW, THEREFORE, for good and valuable consideration, including CRF's willingness to enter into the MACC NEWCO Agreement, which action CRF would not take except for the agreements made by MACC OLDCO and MACC NEWCO contained in this Cross Collateral Agreement And Release, the sufficiency and receipt of such consideration hereby being acknowledged, CRF, MACC OLDCO and MACC NEWCO agree as follows:

1

012   M A C C   12/08/03  17:31 FAX 831 393 0884



1. The MACC OLDCO Agreement and the MACC NEWCO Agreement, as they may have been amended from time to time, are hereby ratified and confirmed in their entirety, and such Agreements are amended hereby;

2. MACC OLDCO and MACC NEWCO hereby reaffirm their respective grants of a security interest, including, but not limited to, all of their present and future accounts receivable (whether accounts or general intangibles), contract rights, and the proceeds arising therefrom, pursuant to the terms of the MACC OLDCO Agreement and the MACC NEWCO Agreement.

3. MACC OLDCO hereby guarantees the performance of MACC NEWCO under the terms of the MACC NEWCO Agreement. MACC OLDCO agrees that a default by MACC NEWCO under the term of the MACC NEWCO Agreement shall constitute a default by MACC OLDCO under the MACC OLDCO Agreement. In the event of a default by MACC NEWCO under the terms of the MACC NEWCO Agreement, CRF shall be entitled to exercise all of its rights and remedies against MACC OLDCO as if MACC OLDCO had defaulted under the MACC OLDCO Agreement and/or any instrument or writing previously or hereafter executed by MACC OLDCO. Such right shall include, but not be limited to, the ability to collect, seize and/or sell all of MACC OLDCO's property subject to CRF's security interest.

4. MACC NEWCO hereby guarantees the performance of MACC OLDCO under the terms of the MACC OLDCO Agreement. MACC NEWCO agrees that a default by MACC OLDCO under the term of the MACC OLDCO Agreement shall constitute a default by MACC NEWCO under the MACC NEWCO Agreement. In the event of a default by MACC OLDCO under the terms of the MACC OLDCO Agreement, CRF shall be entitled to exercise all of its rights and remedies against MACC NEWCO as if MACC NEWCO had defaulted under the MACC NEWCO Agreement and/or any instrument or writing previously or hereafter executed by MACC NEWCO. Such right shall include, but not be limited to, the ability to collect, seize and/or sell all of MACC NEWCO's property subject to CRF's security interest.

5. In the event that an account or invoice sold to CRF by either MACC OLDCO or MACC NEWCO does not pay within the time frame set out in such account or invoice, MACC OLDCO and MACC NEWCO shall be jointly and severally responsible to compensate CRF for any costs and fees (including attorneys' fees) incurred by CRF in collecting on such account or invoice. CRF may offset such costs against funds otherwise payable to MACC OLDCO or MACC NEWCO.

6. <u>GENERAL RELEASE.</u> IN CONSIDERATION OF CRF'S AGREEING TO ENTER INTO THIS CROSS COLLATERAL AGREEMENT, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, MACC OLDCO AND MACC NEWCO HEREBY RELEASE AND DISCHARGE CRF, ITS

EXHIBIT _A_
PAGE _24_ OF _31_

AGENTS, REPRESENTATIVES, OFFICERS, DIRECTORS, AND ASSIGNS, FROM ANY AND ALL CLAIMS, LIABILITIES, RIGHTS AND OBLIGATIONS, OF ANY NATURE WHATSOEVER, WHETHER SOUNDING IN TORT OR CONTRACT, ARISING PRIOR TO THE DATE HEREOF. THIS RELEASE SHALL BE EFFECTIVE NOTWITHSTANDING, AND MACC OLDCO AND MACC NEWCO HEREBY WAIVE ANY AND ALL RIGHTS ARISING UNDER OR WITH RESPECT TO, CALIFORNIA CIVIL CODE SECTION 1542 WHICH PROVIDES:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTORS."

7.  **CHOICE OF LAW.** The MACC OLDCO Agreement and the MACC NEWCO Agreement are hereby amended so that they shall be governed by the laws of the Commonwealth of Virginia, except for the choice of law provisions thereof. Further, this Cross Collateral Agreement And Release, as well as any other writing or instrument previously or hereafter executed by MACC OLDCO and/or MACC NEWCO to which CRF is a party, shall be governed by the laws of the Commonwealth of Virginia, except for the choice of law provisions thereof.

8.  **CHOICE OF JURISDICTION AND VENUE.** The MACC OLDCO Agreement and the MACC NEWCO Agreement are hereby amended to include the following choice of jurisdiction and venue provision. Without prejudice to the right of CRF to bring suit in any Court of competent jurisdiction to enforce any right CRF may have with respect to MACC OLDCO or MACC NEWCO, MACC OLDCO and MACC NEWCO hereby irrevocably waive any present or future objection to the jurisdiction of the Courts of the Commonwealth of Virginia or the United States District Courts located in Virginia over MACC OLDCO or MACC NEWCO for the purpose of resolving any action or dispute between the parties. MACC OLDCO and MACC NEWCO specifically agree to the jurisdiction and venue of the Circuit Court for Arlington County, Virginia, or the Circuit Court for the City of Alexandria, Virginia, and the United States District Court for the Eastern District of Virginia, Alexandria Division, for such purpose. In the event an action is instituted in a Court other than these Courts addressing issues relating to the parties, MACC OLDCO and MACC NEWCO agree to the removal of such action to these Courts located in Virginia upon the request of CRF. MACC OLDCO and MACC NEWCO shall jointly and severally share the costs and fees (including CRF's attorneys' fees) incurred in removing such action.

3

9.    The Court shall award to the prevailing party in any action the costs and fees (including attorneys' fees) incurred by that party in such action.

10.   This Cross Collateral Agreement And Release may not be amended or modifies except by an agreement in writing signed by all of the parties hereto.

11.   MACC OLDCO and MACC NEWCO hereby certify and represent to CRF that this Cross Collateral Agreement And Release and the transactions contemplated herein have been duly authorized by its Board Of Directors and the stockholders of MACC OLDCO and MACC NEWCO.

(Signatures follow on next page)


CAPITOL RESOURCE FUNDING, INC.


_____

By:  David D. Marrin
Its:  Executive Vice President


Management Assistance and Concepts Corporation("MACC NEWCO")

_____

By:  Kathleen C. Robison
Its:  President


Management Assistance and Concepts Corporation ("MACC OLDCO")

_____

By:  Kathleen C. Robison
Its:  President


4

**CAPITOL RESOURCE FUNDING, INC.**
510 King Street, Suite 501
Alexandria, VA 22314

**GUARANTY**

THIS GUARANTY is made this 2l day of  F E B _____ , 20 0l by the following individuals with residences and mailing addresses as set forth below (referred to herein collectively as the "Guarantors")

Kathleen C. Robison   1580 GRiFFiN RD
~~4036 Costado Place,~~
Pebble Beach, CA 93953,

to and for the benefit of Capitol Resource Funding Inc., a Virginia corporation, having its principal place of business at 510 King Street, Suite 501, City of Alexandria, State of Virginia ("PURCHASER "),.

BACKGROUND

A.      PURCHASER has entered into a certain Purchase And Assignment Agreement, dated the 2l day of   F E B _____ , 20 0l a true and correct copy of which is attached hereto and made a part hereof (referred to herein as the "Purchase Agreement"), with Management Assistance & Concepts Corporation (referred to herein as "Seller") pursuant to which, among other things, PURCHASER has purchased or agreed to purchase all right, title and interest in certain designated accounts receivable of the Seller (the "Accounts"), on those terms and conditions set forth in the Purchase Agreement. It is anticipated that PURCHASER may from time to time , at its sole discretion, purchase additional Accounts from Seller without notice to the Guarantors, which additional purchases are also to be the subject of this Guaranty.

B.      PURCHASER is willing to enter into the Purchase Agreement and to purchase Accounts from Seller or to continue to purchase Accounts from Seller only if the Guarantors execute and deliver this Guaranty to PURCHASER and the Guarantors guaranty full payment and performance by Seller under the terms of the Purchase Agreement.

NOW, THEREFORE, in consideration of the aforesaid premises, and for the purpose of inducing PURCHASER to enter into the Purchase Agreement and to purchase Accounts from the Seller pursuant to the terms thereof, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Guarantors hereby covenant and agree as follows:

1.      The Guarantors hereby unconditionally and irrevocably guaranty the full and prompt performance by Seller of all obligations under the Purchase Agreement and the full and prompt payment of any monies due to PURCHASER under the Purchase Agreement, including, but not limited to, monies paid to purchase Accounts, advances or over-advances made to Seller, whether or not evidenced by promissory notes, all fees, interest, and expenses due, as well as all losses incurred by PURCHASER arising from the relationship between PURCHASER and Seller. This guaranty includes, but is not limited to, any costs and expenses, including attorney's fees, incurred by PURCHASER in collecting any or all of such amounts or in enforcing any rights under the Purchase Agreement and this Guaranty.

2.      This Guaranty is a guaranty of payment and not of collection. PURCHASER shall not be required, as a condition precedent to making a demand upon the Guarantors or to bringing an action against the Guarantors under this Guaranty, to make demand upon, or to institute any action or proceeding against the Seller or anyone else, or to exhaust its remedies against the Seller, or anyone else, or against any collateral security. All remedies afforded to PURCHASER by reason of this Guaranty are separate and cumulative remedies and it is agreed that not one of such remedies, whether exercised by PURCHASER or not, shall be deemed to be exclusive of any of the other remedies available to PURCHASER and shall not limit or prejudice

1

EXHIBIT  A
PAGE  27 OF  3l

any other remedy which PURCHASER may have against any party, including the Guarantors. All obligations of the Guarantors hereunder shall be joint and several.

3.     The obligations of the Guarantors hereunder are absolute, unconditional and irrevocable. The Guarantors' obligations shall not to any extent or in any way be waived, reduced, limited, terminated, discharged, impaired or otherwise effected by any action or failure to act by any party. By way of illustration, and not as a limitation, actions and failures to act which do not effect Guarantors' obligations include, but are not limited to, the following:

(a)     Seller's failure to pay any fee or provide other consideration to the Guarantors in consideration of the issuance of this Guaranty,

(b)     PURCHASER'S failure to require, acquire, endorse, file or execute upon any security interest, financing statement, assignment or any other document,

(c)     Any modification or amendment of, or waiver or consent or other action taken with respect to the, Purchase Agreement, or other agreement or document delivered pursuant to the terms of the Purchase Agreement or otherwise, including, without limitation, any indulgence in or extension of time for payment by an Account Debtor or the Seller of any amounts payable under or in connection with an Account or the Purchase Agreement or the performance of any of the other obligations of an Account Debtor or the Seller thereunder (any of which modifications, amendments, waivers, consents, indulgences or extensions may be agreed to or granted without notice to or the approval or consent of the Guarantors),

(d)     The occurrence or continuance of any default under and Account . the Purchase Agreement, or otherwise,

(e)     Any delay on the part of PURCHASER in exercising its rights under and Account, the Purchase Agreement, this Guaranty, or otherwise,

(f)     Any invalidity or unenforceability on and Account or of the Purchase Agreement, or other agreement or document delivered pursuant to the terms of the Purchase Agreement or otherwise,

(g)     Any law, regulation, order, decree or judgment now or hereafter in effect which may in any manner affect any of the Seller's obligations under the Purchase Agreement, an Account Debtor's obligations on an Account, or other agreement or document delivered pursuant to the terms of the Purchase Agreement or otherwise, or any of the PURCHASER'S rights thereunder, whether or not the Seller has a valid defense against the PURCHASER thereby, including, but not limited, an order whereby PURCHASER is ordered to return or pay to Seller, an Account Debtor, or a third party monies paid to PURCHASER, or any settlement or compromise by PURCHASER of any claim upon monies paid by an Account Debtor or Seller to PURCHASER (including repayment to an Account Debtor or Seller), in which case the Guarantors shall be and remain obligated to PURCHASER hereunder for the amount so repaid, recovered or paid to the same extent as if such amount had never originally been received by PURCHASER,

(h)     The voluntary or involuntary liquidation, sale, or other disposition of all or any portion of the Seller's assets, or the receivership, insolvency, bankruptcy, reorganization or similar proceedings affecting the Seller or its assets or the release or discharge of the Seller from any of its obligations under the Purchase Agreement, or other agreement or document delivered pursuant to the terms of the Purchase Agreement or otherwise, and

(i)     Any change of circumstance, whether or not foreseeable, and whether or not any such change does or might vary the risk of the Guarantors hereunder.

EXHIBIT *A*
PAGE *26* OF *31*

4.    The Guarantors hereby unconditionally waive (a) notice of acceptance of this Guaranty by PURCHASER; (b) presentment and demand for payment of the obligations of Seller or those contained herein or any portion thereof; (c) protest and notice of dishonor or default to the Guarantors or to any other person or party with respect to the obligations of Seller or those contained herein or any portion thereof; (d) all other notices to which the Guarantors might otherwise be entitled; (e) any demand for payment or performance of this Guaranty; and (f) all suretyship defenses or defenses in the nature thereof.

5.    This Guaranty shall inure to the benefit of, and may be enforced by, PURCHASER and its respective successors and assigns, and shall be binding upon and enforceable against the Guarantors and their respective heirs, executors, legal representatives, administrators, or successors and assigns.

6.    This Guaranty cannot be modified or amended except in a writing duly executed by the Guarantors and PURCHASER. This Guaranty cannot be assigned by the Guarantors without the express prior written consent of PURCHASER. PURCHASER may sell, assign or transfer this Guaranty and PURCHASER'S rights and the Guarantors' obligations thereunder in whole or in part without notice of any kind. PURCHASER shall retain an unimpaired right prior and superior to that of any assignee, transferee or holder to enforce this Guaranty for the benefit of PURCHASER as to such of the obligations under this Guaranty as are not sold, assigned or transferred.

7.    This Guaranty shall continue in full force and effect until terminated by the actual receipt by PURCHASER by registered or certified mail of written notice of termination from the undersigned or from the legal representative of the undersigned if the undersigned is deceased. Such termination shall be applicable only to transactions with Seller having their inception thereafter, and rights and obligations arising out of transactions with Seller having their inception prior to such termination shall not be affected and shall survive the termination of this Guaranty.

8.    The undersigned agrees that the books and records of PURCHASER showing the account between PURCHASER and Seller shall be admissible as evidence in any action or proceeding, shall be binding upon the undersigned for the purpose of establishing the items therein set forth, and shall constitute prima facie proof thereof. Monthly statements rendered to Seller by PURCHASER shall, to the extent to which no objection is made by Seller within thirty (30) days after date thereof, constitute an account stated between PURCHASER and Seller binding upon the undersigned.

9.    **CHOICE OF LAW.** THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE COMMONWEALTH OF VIRGINIA, HOWEVER, WITHOUT REGARD TO THE CONFLICTS OF LAW RULES THEREOF.

10.    **CHOICE OF JURISDICTION AND VENUE.** WITHOUT PREJUDICE TO THE RIGHT OF PURCHASER TO BRING SUIT IN ANY COURT OF COMPETENT JURISDICTION TO ENFORCE THIS AGREEMENT OR ANY OTHER RIGHT PURCHASER MAY HAVE, GUARANTORS IRREVOCABLY WAIVE ANY PRESENT OR FUTURE OBJECTION TO THE JURISDICTION OF THE COURTS OF THE COMMONWEALTH OF VIRGINIA OR THE UNITED STATES DISTRICT COURTS LOCATED IN VIRGINIA OVER GUARANTORS FOR THE PURPOSE OF ENFORCING THIS GUARANTY OR ANY OTHER RIGHT PURCHASER MAY HAVE WITH RESPECT TO GUARANTORS, AND GUARANTORS SPECIFICALLY AGREE TO THE VENUE OF THE CIRCUIT COURT FOR ARLINGTON COUNTY, VIRGINIA, AND THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION, FOR SUCH PURPOSE. IN THE EVENT AN ACTION IS INSTITUTED IN A COURT OTHER THAN THESE COURTS LOCATED IN VIRGINIA ADDRESSING DISPUTES BETWEEN THE PARTIES TO THIS GUARANTY, GUARANTORS AGREE TO THE REMOVAL OF SUCH ACTION TO THESE COURTS LOCATED IN VIRGINIA UPON THE REQUEST OF PURCHASER.

11.    The prevailing party shall be awarded the costs, expenses and reasonable attorneys fees incurred in any litigation arising between the parties hereto and in collecting upon any judgment entered.

3

EXHIBIT _A_
PAGE _21_ OF _31_

12.     The Guarantors irrevocably authorize any attorney of any court of record to appear for and confess judgment against any one or more of the Guarantors (except in any jurisdiction where such action is not permitted by law) for all unpaid balances and other monies due to Purchaser from Seller plus expenses and twenty percent (20%) added for attorney's fees, without stay of execution and without bond, and the Guarantors hereby waive and release relief from any and all appraisement, stay or exemption laws then in force.

13.     Whenever possible, each provision of the Guaranty shall be interpreted in such manner as to be effective and valid to the greatest extent allowed under applicable law, but if any provision of the Guaranty shall be prohibited by or invalid under applicable law, said provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

14.     It is understood and agreed that this guaranty of Seller's payment to PURCHASER is intended to be a primary obligation by Guarantors (i.e. PURCHASER does not have to exhaust its rights against Seller or any other party before enforcing its rights against Guarantors). And, Guarantors' guaranty of payment by Seller extends to all monies and obligations owed to PURCHASER by Seller under the Purchase Agreement and any other agreement or document delivered pursuant to the terms of the Purchase Agreement or otherwise.

15.     Guarantors have independently analyzed their obligations and have concluded that these obligations do not violate any applicable law, including, but not limited to, usury laws. Further, Guarantors hereby waive any claim or defense based upon PURCHASER'S violation of such law, if such waiver is allowed by law. However, to the extent that Guarantors' obligations are determined to violate applicable law and Guarantors' waiver is ineffective at law, (a) it is acknowledged by the parties that it was always PURCHASER'S intent to conform strictly to the applicable law and it was never PURCHASER'S intent to violate such law, and (b) Guarantors shall not be liable to PURCHASER to the extent, and only to the extent, required to comply with such law, and this Guaranty shall be reformed to comply with such law, and PURCHASER'S rights as they relate to Guarantors shall be reduced only so as to comply with such law.

IN WITNESS WHEREOF, the undersigned have executed this Guaranty as a sealed instrument as of the date first above written.

Guarantor

_____
Kathleen Robison

### Certificate of Notary Public

In the State of _Ca li fornia_ ,

County of _Monterey_ , to wit;

This the _21st_ day of _February_ , 2001, _Kathleen C. Robison_ , who is known to me, or was proven to be by sufficient proof, appeared before me, the undersigned, a Notary Public of the aforesaid jurisdiction, and, after being sworn according to law, executed the above document before me and stated that (s)he was executing this document for the purposes contained therein.

In witness thereof, I hereunder set my hand.

_Michael J. Mendenhall_
Notary Public

My commission expires: _April 12, 2004_               SEAL

EXHIBIT _A_
PAGE _36_ OF _31_

MICHAEL J. MENDENHALL
Comm. # 1256825
NOTARY PUBLIC-CALIFORNIA
Monterey County
My Comm. Expires April 12, 2004

4

UNIFORM COMMERCIAL CODE — FINANCING STATEMENT — FORM UCC-1

WEST VIRGIN

**INSTRUCTIONS**
1. Remove Secured Party and Debtor copies and send other 3 copies with interleaved carbon paper to the filing officer.
2. If the space provided for any item(s) on the form is inadequate the item(s) should be continued on additional sheets, preferably 5"x 8" or 8" x 10". Only one copy of such additional sheets need be presented to the filing officer with a set of three copies of the financing statement. Long schedules of collateral, indentures, etc., may be on any size paper that is convenient for the secured party.
3. If collateral is crops or goods which are or are to become fixtures, describe generally the real estate and give name of record owner.
4. When a copy of the security agreement is used as a financing statement, it is requested that it be accompanied by a completed but unsigned set of these forms, without extra fee.
5. At the time of original filing, filing officer should return third copy as an acknowledgement. At a later time, secured party may date and sign Termination Legend and use third copy as a Termination Statement.

cut here

| This FINANCING STATEMENT is filed presented to a filing officer for filing pursuant to the Uniform Commercial Code | | 3 Maturity date (if any): |
|---|---|---|
| 1 Debtor(s) (Last Name First) and address(es)<br>Management Assistance and<br>Concepts Corporation<br>203-A Calle Del Oaks<br>Monterey, CA 93940 | 2 Secured Party(ies) and address(es)<br>Capitol Resource Funding, Inc.<br>510 King Street, Suite 501<br>Alexandria VA 22314 | For Filing Officer (Date, Time, Number, and Filing Office) |
| 52-1703688 | 33-0505364 | |

| 4 This financing statement covers the following types (or items) of property: | |
|---|---|
| | All present and future accounts, accounts receivable, goods, bank accounts, cash, bonds, securities, demand deposits, intellectual property, licenses, royalties, copyrights, trademarks, invoices, instruments; contract rights, chattel paper, documents, and general intangibles; all presently existing and hereafter acquired inventory, wherever located including raw materials, work in progress and finished goods all equipment now owned by Debtor or after acquired by Debto: all books and records pertaining to the foregoing. All proce or products of the foregoing including insurance payable by reason of loss or damage. |
| ASSIGNEE OF SECURED PART | |

Check ☒ if covered:      ☒ Proceeds of Collateral are also covered      ☒ Products of Collateral are also covered.      No. of additional sheets presented:

Filed with: SOS-West Virginia

Management Assistance and Concepts Corporation

By:................................................
            Signature(s) of Debtor(s)

Capitol Resource Funding, Inc.

By:................................................
            Signature(s) of Secured Party(ies)

S S

cut here

EXHIBIT  A
PAGE  31  OF  31