MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*AHTNA GOVERNMENT SERVICES CORPORATION*  v.  *CAPITOL RESOURCE FUNDING, INC.*

THE HONORABLE JOHN W. SEDWICK        CASE NO. 3:06-cv-00010 (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**        Date:  May 22, 2006

At docket 21, plaintiff Ahtna Government Services Corporation asks this court to reconsider its order declining to exercise jurisdiction. The order is at docket 19. The motion at docket 21 is timely, but it does not persuade the court to alter its decision.

With respect to the argument that there is a claim for an accounting which compels this court to exercise jurisdiction, the court first notes that the accounting claim is bound up in and dependent on the request for a declaration of rights. Moreover, the request for an accounting seeks relief which involves a third party, MACC, which is not a party to the action removed to this court. Finally, it must be noted that a different federal court, the United States District Court for the Eastern District of Virginia, provides a forum wherein federal jurisdiction may be exercised. An unflagging obligation to exercise federal subject matter jurisdiction does not compel this court to attempt to exercise highly debateable and vigorously contested personal jurisdiction here when there is another federal forum in which the dispute is already pending. Old Glory waives in Virginia as well as in Alaska.

This court's reliance on the proposition that Ahtna has not challenged personal jurisdiction in Virginia still appear to be accurate. That Ahtna might attempt to do so in the future does not alter the fact that there is litigation presently pending in Virginia wherein personal jurisdiction has not been challenged. The situation here is just the opposite, and resolving the personal jurisdiction issue presented here carries with it all of the negative considerations outlined in the order at docket 19.

Finally, the provision of the loan agreement at this late date is unavailing. Ahtna makes no showing why this document could not have been provided when the issues were pending before this court. New evidence, unless it is evidence which could not have been discovered previously, is not an appropriate subject for a motion to reconsider.

For the reasons above, the motion at docket 21 is **DENIED.**