Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys Capital Resource Funding, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

AHTNA GOVERNMENT SERVICES CORPORATION,

    Plaintiff,

v.

CAPITOL RESOURCE FUNDING, INC.,             3:06-cv-00010 JWS

    Defendant.

## CAPITOL RESOURCE FUNDING, INC.'S OPPOSITION TO PLAINTIFF, AHTNA GOVERNMENT SERVICES CORPORATION'S MOTION FOR RECONSIDERATION

### I.

### INTRODUCTION

Defendant, Capitol Resource Funding, Inc. ("CRF")[1], by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7, 59 and 60, and Local Rule 7, appears specially and respectfully files this Opposition to Plaintiff, AHTNA Government Services Corporation's ("AGSC") Motion for Reconsideration. As grounds therefor, CRF states as follows:

---

[1]

    CRF appears in this matter in the position of the Liquidation Trustee, Mr. J. W. Rayder, appointed by the U.S. Bankruptcy Court for the Eastern District of Virginia to oversee the approved CRF Liquidation Plan.

AGSC, in its Motion for Reconsideration, argues for the **first time** that it contests the personal jurisdiction of the United States District Court for the Eastern District of Virginia in the action commenced against AGSC by CRF on or about October 18, 2005 ("Virginia Action"), but provides nothing to support this bald assertion.  AGSC argues, as a corollary to its unsupported allegation, that dismissal of AGSC's Complaint for Declaratory Relief was based on the mistaken finding that AGSC conceded jurisdiction in the Virginia Action.  This Court properly declined to exercise jurisdiction over AGSC's Complaint for Declaratory Relief ("Alaska Action")[2], and should not reconsider its decision because:

(1) this Court was **not** mistaken in finding that AGSC **never** disputed the personal jurisdiction in the Virginia Action; and

(2) this Court is **not** required to exercise jurisdiction over AGSC's request for an accounting because such request is a derivative of the action for declaratory relief and seeks non-monetary relief.

## II.

## BACKGROUND

The dismissed action was commenced on May 17, 2004, when AGSC filed a Complaint for declaratory relief and a claim for an accounting.  AGSC sought no monetary relief.  Instead, AGSC only requested:  (1) "a judgment declaring that [AGSC] is entitled to assert against [CRF] any defenses and set-offs" in an action on a subcontract between AGSC and Management Assistance Concepts Corporation ("MACC") wherein MACC assigned its rights under the agreement to CRF; and (2) "an order requiring [CRF] to provide a full accounting of all funds received from MACC or AGSC related to the

---

[2]

AGSC first filed its Complaint for Declaratory Relief in the Superior Court for Alaska, Third Judicial Circuit, on or about May 17, 2004 ("Alaska State Action").  CRF removed the Alaska State Action to the United States District Court for the District of Alaska on January 10, 2006.

subcontract agreement."[3]

On or about October 18, 2005, CRF commenced the Virginia Action against AGSC for, among other things, Breach of Contract. Within weeks of the commencement of the Virginia Action and nearly two years after commencement of the Alaska Action, AGSC served CRF with its Complaint for Declaratory Relief. CRF challenged the personal jurisdiction of the Alaska Court by filing a Motion to Dismiss on or about February 7, 2006.

Until now, in all proceedings in both Alaska and Virginia, AGSC **never** questioned or contested the personal jurisdiction of the Virginia court. In fact, on January 10, 2006, AGSC filed a Motion for Temporary Stay, or in the alternative, to Dismiss Proceedings ("Motion to Dismiss") in the Virginia Action and **never** questioned the Virginia court's jurisdiction. AGSC, rather, conceded the personal jurisdiction of the Virginia court and focused on the issue of forum by arguing that:

> Both the inconvenience of the parties and the interests of judicial economy require this Court to exercise its inherent equity power to stay this litigation, pending the resolution of the Alaska state court proceeding, or in the alternative, to dismiss this action in its entirety.[4]

Specifically, AGSC contended that witnesses and documents were located in Alaska and, thus, Virginia was an "inconvenient forum", Id. at 5-6. AGSC further argued that dismissal of the Virginia Action favored the policy of avoiding "piecemeal litigation" and would allow an Alaska state court to "adequately and timely provide a complete resolution of all the pertinent issues" because the "underlying rights of the parties are governed by Alaska law", Id, at 6. **Nowhere** did AGSC challenge the personal jurisdiction in the Virginia Action and any argument that the action should be stayed is completely incongruous with AGSC's new assertion of no personal jurisdiction.

---

[3]

AGSC's Complaint for Declaratory Relief, at 8.

[4]

AGSC's Motion for Temporary Stay, or in the alternative, To Dismiss, p. 7.

Further, in the Alaska Action, AGSC **never** questioned personal jurisdiction in the Virginia Action. When it responded to CRF's Motion to Dismiss for Lack of Personal Jurisdiction, AGSC simply repeated the "first-to-file" argument that it advanced in support of its Motion to Dismiss in the Virginia Action, stating that: "AGSC filed its lawsuit first and served its lawsuit first. Virginia, the jurisdiction where the second action was filed, adheres to the first-to-file rule."[5] AGSC argued in favor of the Alaska forum **without** once arguing that the Virginia court lacked personal jurisdiction, see, e.g., Id. at 16-17.

Finally, AGSC filed no other motion or responsive pleading in which it argued against the personal jurisdiction of the Virginia court. AGSC did not file such a pleading because AGSC never disputed whether the Virginia court could exercise personal jurisdiction over AGSC. Otherwise, AGSC would have **first** filed a Motion to Dismiss for Lack of Personal Jurisdiction, **not** a Motion to Dismiss based on the First-to-File Rule and/or *forum non conveniens*, both of which implicitly concede, as a threshold matter, jurisdiction in the Virginia court.

III.

ARGUMENT

A.    **AGSC's Motion For Reconsideration Fails To Meet The Requirements Of A Rule 59(e) and Rule 60(b) Motion**.

AGSC in part bases its Motion for Reconsideration on Rule 59(e) of the Federal Rules of Civil Procedure. AGSC, however, **never** sets forth the standard of review under Rule 59(e) and further fails to meet the elements essential to succeed under a Rule 59(e) motion. Rule 59(e) permits motions for the limited purposes of amending judgments and "should not be granted absent highly unusual circumstances." Turner v. Burlington Northern Santa Fe Railroad Company, 338 F. 3d 1058, 1063 (9th Cir. 2003), citing Kona Enterprises, Inc., v. Estate of Bishop, 229 F. 3d 877, 890 (9th Cir. 203). Under Rule 59(e),

---

[5]     AGSC's Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, p. 17.

4

the moving party must establish at least one of four grounds:

> 1) the motion is `necessary to correct manifest errors of law or fact upon which the judgment is based'; 2) the moving party presents `newly discovered or previously unavailable evidence'; 3) the motion is necessary to `prevent manifest injustice'; or 4) there is an "intervening challenge in controlling law' Id., *citing Zimmerman v. City of Oakland*, 255 F. 3d 734, 737 (9th cir. 2001). In order to establish one of these grounds under a Rule 59(e) motion, the movant may not raise new arguments if such arguments could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003)

AGSC also bases its Motion for Reconsideration on Rule 60(b) of the Federal Rules of Civil Procedure. AGSC, again, fails to set forth the standard of review under a Rule 60(b) motion and likewise fails to meet its burden. Rule 60(b), like Rule 59(e), "permits the Court . . . to relieve a party from a judgment or order for a number of reasons, such as fraud, mistake or newly discovered evidence." <u>United States v. Walton</u>, 2005 WL 2757377 (D. Alaska). A Rule 60(b) motion "must set forth facts or law of a strongly convincing nature to induce the court to reconsider its previous ruling." <u>Rogue v. City of Redlands</u>, 79 F.R.D. 433, 435 (C.D. Ca 1978). Further, to prevail under a Rule 60(b) motion, a movant must show "exceptional and compelling circumstances" for its request. <u>Id</u>.

AGSC fails to establish any of the required grounds of a Rule 59(e) or a Rule 60(b) motion and instead attempts what is expressly prohibited: reconsideration based on a **new** argument. Specifically, AGSC maintains that this Court mistakenly opined and based its Order to Dismiss on the erroneous belief that AGSC conceded personal jurisdiction in the Virginia Action.[6] This Court made no such mistake because AGSC **admits** in its Motion for Reconsideration that it failed to challenge personal jurisdiction argument in the Virginia Action. Remarkably, AGSC acknowledges its failure to challenge the personal jurisdiction of the Virginia Court by stating that  "[a]s of today's date," AGSC has not taken further action against "CRF's complaint [in the Virginia Action] because the Virginia Court properly

---

[6] AGSC's <u>Motion for Reconsideration</u>, at 3.

stayed the matter." Id.  Clearly and based on this statement, AGSC knew it could have "reasonably" answered CRF's complaint or alternatively brought a Motion to Dismiss for Lack of Personal Jurisdiction in the Virginia Action.  AGSC, however, consciously decided against doing so and instead chose to argue that Alaska is the **more convenient forum** in this matter. Id.  AGSC, consequently, led this Court and the Virginia court to believe that it conceded Personal Jurisdiction in the Virginia Action.  AGSC may not raise the **new** argument that AGSC challenges personal jurisdiction in the Virginia court when in fact AGSC never disputed personal jurisdiction.

Finally, AGSC does not allege that a fraud was committed that resulted in the Order to Dismiss.  Nor does AGSC allege that some new and intervening change in law warrants reconsideration of the Order to Dismiss.  In addition, AGSC does not allege that the emergence of new evidence justifies reconsideration of the Order to Dismiss. For these reasons, AGSC's Motion for Reconsideration must be denied.

**B.    AGSC Failed To Properly Assert An Action For Accounting.**

AGSC argues that this Court is required to exercise jurisdiction over its Complaint for Declaratory Relief because its Complaint includes a separate claim for an accounting. AGSC failed to properly plead an action for accounting.  In fact, AGSC's action for accounting is not an independent action and is derivative of its request for declaratory relief.  Under these circumstances, this Court is not required to exercise jurisdiction over AGSC's Complaint for Declaratory Relief.

Generally, "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), [a] district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Government Eagle Insurance Company v. Dizol, 133 F. 3d 1220, 1225 (9th Cir. 1988), accord. United National Insurance Company v. R&D Latex Corporation, 242 F. 3d 1102, 1112 (9th Cir. 2001).  Rather, the District Court must consider both the action for declaratory relief and the other, independent action.  United

6

National, supra, at 1102, 1112. "The proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed." Id. at 1113.

AGSC relies on this general rule of law in its Motion for Reconsideration and, in doing so, specifically relies on Government Employees Insurance Co. v. Dizol.[7] In Dizol, the Ninth Circuit held that a District Court generally could not decline jurisdiction over a declaratory claim where the moving party in that action sought **monetary relief** under a separate claim. Notably, AGSC misplaces its reliance on Dizol and overlooks the term **"monetary"**. For example, thirteen years later, the Ninth Circuit applied the Dizol rule to a declaratory claim that was accompanied by an action for reimbursement. Dizol, supra at 1225. There, the Ninth Circuit required the District Court to exercise jurisdiction over the declaratory action because the accompanying claim for reimbursement was one for "restitution" and thus a monetary claim. Id.

AGSC fails to distinguish this action from Government Employees Insurance Co. Namely, AGSC failed to properly assert an independent action for the monetary relief. An action for accounting is an equitable action "to compel a defendant to account for and pay over money owed to the plaintiff but held by the defendant." See Black's Law Dictionary, 7th Ed. (1990 West Publishing Company). AGSC only requested that this Court order CRF "to provide an accounting for all funds received and applied, from AGSC . . . while [the parties'] subcontract was in effect.[8] AGSC does not make a claim for monetary relief. In essence, AGSC seeks an accounting as discovery in support of its affirmative defense, over which this Court could exercise subject matter jurisdiction absent the existence of the declaratory claim, United National Insurance Company, supra, at 1113. AGSC's alleged action for an accounting is, therefore, wholly derivative of and related to its request for

_____

[7] AGSC's Motion for Reconsideration, at 4.

[8] AGSC's Complaint for Declaratory Relief, at 7-8.

declaratory relief and does not seek independent relief from this Court. Consequently, this Court properly declined to exercise jurisdiction over AGSC's Complaint for Declaratory Relief.

**C.    Virginia <u>Never</u> Ordered That Alaska Was The Proper Forum.**

AGSC attempts make this Court believe that it mistakenly dismissed the Alaska Action without proper consideration of the decision of the Virginia Court to stay the Virginia Action pending resolution of CRF's Motion to Dismiss for Lack of Personal Jurisdiction. Specifically, AGSC argues that:

> The Virginia Court felt that Alaska was a proper forum and deferred its judgment based upon the residency of the litigations, the state of progress in the litigation, and the fact that he case was first filed in Alaska.

Were this truly the case, the Virginia Court most likely would have dismissed the Virginia Action. Instead, the Virginia simply **<u>deferred</u>** its decision one way or another pending resolution of CRF's Motion to Dismiss for Lack Personal Jurisdiction in the Alaska Action. Now that this Court has dismissed the Alaska Action, the Virginia Court may proceed accordingly.

**IV.**

**CONCLUSION**

For the foregoing reasons, Capitol Resource Funding, Inc. respectfully requests that this Court deny AHTNA Government Services Corporation's Motion for Reconsideration and to grant any such other relief this Court deems just.

Dated this 6th day of June, 2006.

/s Herbert A. Viergutz
_____
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 6th
day of June 2006, to:

Michael G. Geraghty, Esq.
DeLisio Moran Geraghty & Zobel, P.C.
943 West 6th Avenue
Anchorage, AK 99501-2033

/s Herbert A. Viergutz